**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS FORT WORTH DIVISION

Case No. **4-23CV-613-P**

| | |
|---|---|
| J.A. CASTRO ) | |
|         Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | ***JURY TRIAL DEMAND*** |
| JOHN DOE 1 (*a.k.a.* "CHETSFORD"), JOHN ) | |
| DOE 2, JOHN DOE 3, and JOHN DOE 4 ) | |
| ) | |
|         Defendants. ) | |
| ) | |

**VERIFIED COMPLAINT**

J. A. CASTRO
Plaintiff *Pro Se*
12 Park Place
Mansfield, TX  76063
Tel. (202) 594 - 4344
J.Castro@CastroAndCo.com

i

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... iii
I.   PRELIMINARY STATEMENT ................................................................................... 1
II.  JURISDICTION AND VENUE .................................................................................... 1
III. PARTIES ........................................................................................................................ 2
IV.  FACTUAL ALLEGATIONS ........................................................................................ 2
V.   COUNT I: INTENTIONAL TORT- DEFAMATION PER SE ................................... 5
VI.  JURY DEMAND ............................................................................................................ 6
VII. PRAYER FOR RELIEF ................................................................................................ 6

# TABLE OF AUTHORITIES

**Cases**

*Bedford v. Spassoff*,
   520 S.W.3d 901, 905 (Tex. 2017) .................................................................................... 4
Cohen v. Horn,
   2022 WL 1718051 (D.N.J. May 27, 2022), aff'd, 2022 WL 17546950 (3d Cir. 2022). ............. 3
*D Mag. Partners, L.P. v. Rosenthal*,
   529 S.W.3d 429, 434 (Tex. 2017)
*In re Lipsky*,
   460 S.W.3d (Tex. 2015)) ............................................................................................. 3,4
*Leyendecker & Assocs. v. Wechter*,
   683 S.W.2d 369, 374 (Tex. 1984) .................................................................................. 4
*Memon v. Shaikh*,
   401 S.W.3d 407, 421 (Tex. App.—Houston [14th Dist.] 2013, no pet.) ................................ 4

**Statutes**

28 U.S.C. § 1332(a) .......................................................................................................... 2

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS FORT WORTH DIVISION

Case No. 4-23CV-613-P

| | |
|---|---|
| J.A. CASTRO | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| JOHN DOE 1 (*a.k.a.* "CHETSFORD"), JOHN DOE 2, JOHN DOE 3, and JOHN DOE 4 | )   ***JURY TRIAL DEMAND*** |
| | ) |
|     Defendants. | ) |
| | ) |

## VERIFIED COMPLAINT

Plaintiff, J.A. CASTRO (herein "Plaintiff"), *pro se*, hereby complains and alleges against JOHN DOES 1, 2, 3, and 4 (hereinafter "Defendants"), as follows:

### I. PRELIMINARY STATEMENT

1. Plaintiff brings this action against the as-yet to-be-identified "John Does" who published immensely damaging and defamatory statements against Plaintiff through Wikipedia using a paid Administrator named "Chetsford."

2. Plaintiff seeks to identify the persons responsible and hold them accountable for the publishing of the defamatory statements.

3. Plaintiff seeks an award of compensatory and punitive damages for the harm to his personal and professional reputation, current business interests, and the impairment of business opportunities as a result from the intentionally false defamatory statements and implications about him published by Defendants.

### II. JURISDICTION AND VENUE

1

6. This Court has diversity jurisdiction over these claims under 28 U.S.C. § 1332(a) because (1) the matter in controversy exceeds the value of $75,000.00, exclusive of interest and costs and, depending on the identity of John Does, (2) the controversy is between individuals that are citizens of different jurisdictions.

### III.   PARTIES

7. Plaintiff J.A. CASTRO is an individual whose place of residency is in Texas.

8. On information and belief, Defendant John Doe 1, a.k.a., "Chetsford," is an individual who is not a resident of the state of Texas.

9. On information and belief, Defendant John Doe 2 is an individual who is not a resident of the state of Texas.

10. On information and belief, Defendant John Doe 3 is an individual who is not a resident of the state of Texas.

11. On information and belief, Defendant John Doe 4 is an individual who is not a resident of the state of Texas.

### IV.   FACTUAL ALLEGATIONS

10. Defendant John Does 3 and 4 hired Defendant John Doe 1, a.k.a. "Chetsford," to create a Wikipedia page for Plaintiff for the sole purpose of defaming Plaintiff and damaging his reputation.

11. The false information including, but was not limited to, statements that Plaintiff was under federal indictment, which is verifiably false, that Plaintiff was a "sleazy" tax attorney, and that Plaintiff never served in the United States military, which is verifiably false since Plaintiff has a DD-214 with an Honorable Discharge from the United States Army and is legally classified as a Veteran despite the fact that Plaintiff does not identify as a veteran since his wartime service was

while attending the United States Military Academy Preparatory School, which is now located at West Point.

12. Defendant John Doe 2 assisted in the effort by providing false information he had developed over several years to defame Plaintiff.  In particular, Defendant John Doe 2 fabricated a document purportedly from the State of Florida that warns Plaintiff not to identify as an International Tax Attorney.  The letter is fabricated and likely constitutes a criminal violation in the State of Florida for falsely using the state seal and seemingly official state letterhead.

13. Plaintiff holds two law degrees, one of which is a Master of Laws in Taxation (LL.M.) from Georgetown Law and is a federal practitioner exempt from state bar licensing pursuant to the U.S. Supreme Court holding in *Sperry v. Florida*.  For that reason, the Texas State Bar, Florida State Bar, and DC Bar have all acquiesced to Plaintiff holding himself out to the public as an International Tax Attorney.  Defendants were aware of this when they falsely published the defamatory statements on Wikipedia.

14. Defendant John Doe 2's motivation was that Plaintiff is an economic competitor.  Defendant John Doe 2 is also a tax attorney.

15. Because there is an economic motivation for the false defamatory statements, this is commercial speech.  *See Procter & Gamble Co. v. Amway Corp.*, 242 F.3d 539, 552 (5th Cir. 2001), *abrogated on other grounds by Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118 (2014).  As such, Plaintiff need not show actual malice.  Nevertheless, Plaintiff intends to establish actual malice for the purpose of convincing the jury to impose steep punitive damages.

16. Defendants published false and defamatory statements not once, but repeatedly over a substantial period of time.

3

17. Defendants knowingly and intentionally relied on and used unreliable sources to perpetuate the defamatory statements about Plaintiff.

18. Defendants acted with actual malice in publishing the knowingly false information.

19. Defendants entertained serious doubts about the truthfulness of the statements but published them anyways.

20. Defendants' statements are reasonably understood to be statements of fact about Plaintiff, and were understood by people who saw, heard, and read them to be statements of fact about Plaintiff.

21. Defendant's knowingly false defamatory statements, if taken individually or together in their cumulative impact, damaged Plaintiff in the various ways described herein.

22. Defendant published statements were not in connection with a public figure or person who has drawn substantial public attention due to notoriety.  Plaintiff has only received minimal public attention from a few obscure media outlets.

23. Defendant's published statements were not in connection with a subject of concern to the public.

24. The matter of public concern was used as a pretext to publish statements that are not a subject of concern to the public.

25. Defendant's published statements were a personal attack on Plaintiff unrelated to any subjects of concern to the public.

26. Defendants' actions were done with malicious bad-faith and with the intent to irreparably damage Plaintiff's reputation.

27. As such, Defendants' actions were not in furtherance of any constitutionally protected rights.

## V.    COUNT I: INTENTIONAL TORT- DEFAMATION PER SE

20. Plaintiff repeats, reiterates, and re-alleges each and every allegation above as though set forth herein.

21. Under Texas law, to prevail on a defamation claim, a plaintiff must establish that: "(1) the defendant published a false statement; (2) that defamed the plaintiff; (3) with the requisite degree of fault regarding the truth of the statement (negligence if the plaintiff is a private individual); and (4) damages (unless the statement constitutes defamation *per se*)." *D Mag. Partners, L.P. v. Rosenthal*, 529 S.W.3d 429, 434 (Tex. 2017) (citing *In re Lipsky*, 460 S.W.3d 579, 593 (Tex. 2015)).

22. Further, in any defamation case, a threshold legal question is whether the challenged publication is defamation *per se* or defamation *per quod*. See *In re Lipsky*, 460 S.W.3d at 596 (observing that "whether a statement qualifies as defamation per se is generally a question of law"). A statement is considered defamation *per se* if, on its face, it falls within one of the following four categories: (1) it falsely charges a person with the commission of a crime, see, e.g., *Leyendecker & Assocs. v. Wechter*, 683 S.W.2d 369, 374 (Tex. 1984); (2) it falsely imputes that a person has a loathsome disease, see, e.g., *Memon v. Shaikh*, 401 S.W.3d 407, 421 (Tex. App.—Houston [14th Dist.] 2013, no pet.); (3) it falsely imputes sexual misconduct, see, e.g., id.; or (4) it injures a person in their office, profession, or occupation, see, e.g., *Bedford v. Spassoff*, 520 S.W.3d 901, 905 (Tex. 2017). Damages are presumed if the publication is defamation *per se. In re Lipsky, 460 S.W.3d at 596.*

23. Defendant knew that the statements were false and acted with either reckless disregard for the truth or with actual malice by publishing the knowingly false information.

24. Defendant's defamatory statements were accompanied with malice, wantonness, and a conscious desire to cause injury.

25. Defendant's lies about Plaintiff were specific and verifiably false, and therefore not "opinion."

26. Plaintiff sustained serious reputational damages to his professional career.

27. By reason of the foregoing act of Defendant, Plaintiff is entitled to actual, presumed, punitive, and other economic damages in an amount to be specifically determined at trial.

## VI.   JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

## VII.   PRAYER FOR RELIEF

WHEREFORE, upon all facts and circumstances herein alleged, Plaintiff respectfully requests that this Court:

A. Granting Plaintiff's motion for leave to serve process by internet notification in Wikipedia, permitting the use of a subpoena to Wikipedia to identify the Internet Protocol (IP) addresses utilized by Defendant John Doe 1, *a.k.a.*, Chetsford, over the last 24 months, permitting the use of a subpoena to his Internet Service Provider (ISP) to identify his true identity, and subjecting him to a deposition to uncover the identity of Defendant John Doe 2 who hired him.

B. Grant judgment against Defendants on each and every cause of action alleged herein;

C. Grant an order awarding Plaintiff damages in an amount to be determined at trial, together with interest and the costs and disbursements of this action, punitive damages, as well as any other damages permitted to be recovered by law pursuant to the above causes of action not less than $180,000,000.00 for (1) lost profits; (2) lost enterprise value, and (3) punitive damages; and

D. Grant any such further relief as the Court deems just, proper, and equitable.

Dated: June 16, 2023

_____
J. A. CASTRO
Plaintiff *Pro Se*
12 Park Place
Mansfield, TX  76063
Tel. (202) 594 - 4344
J.Castro@CastroAndCo.com

7

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
J.A. Castro

## DEFENDANTS
JOHN DOE 1 (a.k.a. "CHETSFORD"), JOHN DOE 2, JOHN DOE 3, AND JOHN DOE 4

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Unknown
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Pro Se, 13155 Noel Raod, Suite 900, Dallas, Texas 75240
(202) 594-4344

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [x] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**: 110 Insurance, 120 Marine, 130 Miller Act, 140 Negotiable Instrument, 150 Recovery of Overpayment & Enforcement of Judgment, 151 Medicare Act, 152 Recovery of Defaulted Student Loans (Excludes Veterans), 153 Recovery of Overpayment of Veteran's Benefits, 160 Stockholders' Suits, 190 Other Contract, 195 Contract Product Liability, 196 Franchise

**TORTS — PERSONAL INJURY**: 310 Airplane, 315 Airplane Product Liability, [x] 320 Assault, Libel & Slander, 330 Federal Employers' Liability, 340 Marine, 345 Marine Product Liability, 350 Motor Vehicle, 355 Motor Vehicle Product Liability, 360 Other Personal Injury, 362 Personal Injury - Medical Malpractice

**TORTS — PERSONAL INJURY**: 365 Personal Injury - Product Liability, 367 Health Care/ Pharmaceutical Personal Injury Product Liability, 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**: 370 Other Fraud, 371 Truth in Lending, 380 Other Personal Property Damage, 385 Property Damage Product Liability

**REAL PROPERTY**: 210 Land Condemnation, 220 Foreclosure, 230 Rent Lease & Ejectment, 240 Torts to Land, 245 Tort Product Liability, 290 All Other Real Property

**CIVIL RIGHTS**: 440 Other Civil Rights, 441 Voting, 442 Employment, 443 Housing/ Accommodations, 445 Amer. w/Disabilities - Employment, 446 Amer. w/Disabilities - Other, 448 Education

**PRISONER PETITIONS — Habeas Corpus**: 463 Alien Detainee, 510 Motions to Vacate Sentence, 530 General, 535 Death Penalty; **Other**: 540 Mandamus & Other, 550 Civil Rights, 555 Prison Condition, 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**: 625 Drug Related Seizure of Property 21 USC 881, 690 Other

**LABOR**: 710 Fair Labor Standards Act, 720 Labor/Management Relations, 740 Railway Labor Act, 751 Family and Medical Leave Act, 790 Other Labor Litigation, 791 Employee Retirement Income Security Act

**IMMIGRATION**: 462 Naturalization Application, 465 Other Immigration Actions

**BANKRUPTCY**: 422 Appeal 28 USC 158, 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**: 820 Copyrights, 830 Patent, 835 Patent - Abbreviated New Drug Application, 840 Trademark, 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**: 861 HIA (1395ff), 862 Black Lung (923), 863 DIWC/DIWW (405(g)), 864 SSID Title XVI, 865 RSI (405(g))

**FEDERAL TAX SUITS**: 870 Taxes (U.S. Plaintiff or Defendant), 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**: 375 False Claims Act, 376 Qui Tam (31 USC 3729(a)), 400 State Reapportionment, 410 Antitrust, 430 Banks and Banking, 450 Commerce, 460 Deportation, 470 Racketeer Influenced and Corrupt Organizations, 480 Consumer Credit (15 USC 1681 or 1692), 485 Telephone Consumer Protection Act, 490 Cable/Sat TV, 850 Securities/Commodities/ Exchange, 890 Other Statutory Actions, 891 Agricultural Acts, 893 Environmental Matters, 895 Freedom of Information Act, 896 Arbitration, 899 Administrative Procedure Act/Review or Appeal of Agency Decision, 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332(a)

Brief description of cause:
John Doe 1 and John Doe 2 published defamatory statements against Plaintiff

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*:
JUDGE _____  DOCKET NUMBER _____

**DATE**: 06/16/2023

**SIGNATURE OF ATTORNEY OF RECORD**

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
 (b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
 (c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related cases, if any. If a related case exists, whether pending or closed, insert the docket numbers and the corresponding judge names for such cases. A case is related to this filing if the case: 1) involves some or all of the same parties and is based on the same or similar claim; 2) involves the same property, transaction, or event; 3) involves substantially similar issues of law and fact; and/or 4) involves the same estate in a bankruptcy appeal.

**Date and Attorney Signature.** Date and sign the civil cover sheet.