IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| J.A. CASTRO, | § | |
|     Plaintiff, | § | |
| | § | |
| VS. | § | Case No. 4:23-cv-00613-P-BJ |
| | § | |
| JOHN DOE 1 (a.k.a. "CHETSFORD"), *et al.* | § | |
|     Defendants, | § | |

BRIEF IN SUPPORT OF MOTION TO RECONSIDER BY DEFENDANT
JOHN DOE 1 ("Chetsford")

Anne Marie Mackin
Texas Bar No. 24078898
The Gober Group
14425 Falcon Head Blvd.
Building E-100, Suite 226
Austin TX 78738
telephone: (512) 354-1785
fax: (877) 437-5755
amackin@gobergroup.com

Michael E. Rosman
(pro hac vice motion forthcoming)
Center for Individual Rights
1100 Connecticut Ave., Suite 625
Washington, D.C. 20036
telephone: (202) 833-8400
fax: (202) 833-8410
rosman@cir-usa.org

John Doe 1, aka Chetsford, submits this brief in support of their motion for reconsideration of this Court's September 19, 2023 electronic order granting plaintiff leave to take early discovery concerning the identity of John Doe 1 (Doc. 21, "Order"). This Court should reconsider and vacate the Order and deny the motion because the Court lacks subject matter jurisdiction over this case.[1]

Background

Plaintiff Castro's First Amended Complaint (Doc. 16, "FAC")[2] alleges defamation by two anonymous defendants (John Does 1 and 2), Donald J. Trump ("Trump"), and two entities that Castro claims Trump controls (Save America PAC and Make America Great Again, Inc., together, "Entity Defendants"). FAC ¶¶ 8-9. The FAC opens with a reference to two other anonymous individuals (John Does 3 and 4), who were named as defendants in the Original Complaint in this cause (Doc. 1), but makes no additional allegations with respect to these individuals. The FAC (at ¶ 10) also mentions another entity allegedly controlled by Trump, the Patriot Legal Defense Fund Inc., that is not identified in the caption or the body of the FAC as a defendant, but which Trump and John Doe 2 allegedly used (along with the Entity Defendants) to

---

[1] John Doe 1 appears here by counsel, as anonymous defendants not infrequently do in similar circumstances. *E.g.*, *Art of Living Foundation v. Does 1-10*, 2011 U.S. Dist. LEXIS 129836, at *4 (N.D. Cal. Nov. 9, 2011); *Sandoval v. Doe*, 591 F. Supp. 3d 7, 9 (E.D.N.C. 2022). John Doe 1 appears solely for the purpose of challenging the Order on the ground that the Court lacks subject matter jurisdiction. John Doe 1 has not been served with process, and does not waive but instead expressly reserves the right to assert any defense or argument in the future, including without limitation jurisdictional defenses and arguments.

[2] Castro later filed a Second Amended Complaint. Doc. 17. He did not, however, seek leave under Fed. R. Civ. P. 15(a) to file any such amendment and the Court has not granted any such leave. Accordingly, this filing addresses the FAC, Castro's current operative pleading.

1

pay John Doe 1 "to create a Wikipedia page for Plaintiff for the sole purpose of defaming Plaintiff and damaging his reputation." FAC ¶ 12.

Castro commenced this action on June 16, 2023 by filing a complaint naming only John Doe defendants (1 through 4). Castro filed the FAC on August 14, 2023, the same day that John Doe 1 and Wikimedia filed oppositions to Castro's motion to compel in the Northern District of California. *See Castro v. John Doe No. 1, et al.*, N.D. Cal. No. 3:23-mc-80198 (filed July 31, 2023) ("N.D. Cal. Misc. Action"), Docs. 3, 7-8. The FAC (at ¶ 4) alleges that this Court "has diversity jurisdiction over the[] claims under 28 U.S.C. § 1332(a)" because the matter in controversy exceeds $75,000 and "the controversy is between individuals that are citizens of different states." The FAC (at ¶ 6) further claims that John Doe 1 "is an individual who is not a resident of the state of Texas. This has been confirmed based on an exhaustive investigation that concluded his interests, historical edits, and areas of focus are conclusively not that of a Texan." The FAC (at ¶ 7) also alleges that John Doe 2 "is an individual who is not a resident of the state of Texas." FAC paragraphs 8 and 9 make similar allegations of residence for the Entity Defendants, and FAC paragraph 10 alleges that non-defendant Patriot League Defense Fund Inc. is also not a resident of Texas. No specific allegation is made concerning Trump's citizenship or residency, but FAC paragraph 11 alleges that "[n]o [d]efendant" is a resident of Texas.

The FAC (at ¶ 16) alleges that John Doe 2 is a competitor of Castro, *i.e.*, a tax attorney. Accordingly, it alleges that John Doe 2 has an economic motivation for defaming Castro. *Id.* ¶ 17. The FAC (at ¶ 14) further alleges that John Doe 2 "fabricated a document purportedly from the State of Florida," in violation of Florida criminal law, but does not explain how this allegation relates to Castro's defamation claim. Nor does the FAC explain why John Doe 2

2

allegedly used Trump-controlled entities to pay John Doe 1 to write the allegedly defamatory Wikipedia article.

According to the FAC (at ¶ 15), Castro holds himself out as an International Tax Attorney and further alleges that he holds two law degrees, including a Master of Laws (LL.M.) in Taxation from "Georgetown Law."[3]

The allegedly defamatory statements are set forth in paragraph 13 of the FAC:

> The false information included, but was not limited to, statements that Plaintiff was under federal indictment, which is verifiably false, that Plaintiff was a 'sleazy' tax attorney, and that Plaintiff never served in the United States military, which is verifiably false since Plaintiff has a DD-214 with an Honorable Discharge from the United States Army and is legally classified as a Veteran despite the fact that Plaintiff does not identify as a veteran since his wartime service was while attending the United States Military Academy Preparatory School, which is now located at West Point.

Castro also asserts that defendants published false and defamatory statements repeatedly over a substantial period of time and acted with actual malice and malicious bad faith. FAC ¶¶ 19, 21, 29. Castro further claims that he is not "a public figure or person who has drawn substantial public attention due to notoriety," and that he "has only received minimal public attention from a few obscure media outlets." FAC ¶ 25.

Castro claims that he is entitled to "not less than $180,000,000.00 for (1) lost profits; (2) lost enterprise value, and (3) punitive damages." FAC at 7 (ad damnum ¶ C).

On the same day the Complaint was filed, Castro requested substituted service on

---

[3]  Because Castro graduated from law school, he is not entitled to the special latitude afforded most *pro se* litigants. *E.g.*, *Tan v. Doe*, 2014 U.S. Dist LEXIS 61972, at *2 n.1 (S.D.N.Y. May 1, 2014). *See also* Appellant's Opening Brief filed July 14, 2023 in *Castro v. Trump*, Eleventh Circuit Appeal No. 23-12111 at i (Castro representing that he is "skilled in the art of respectful and intellectual oratory argumentation.").

defendants by posting notice of the lawsuit on Wikipedia. Doc. 2. This Court denied that motion on June 26, 2023, holding that substituted service was "inconsistent with Due Process." Doc. 8.

Castro has not filed any return of service for Trump or the Entity Defendants.

The clerk of this Court issued a subpoena to Wikimedia Foundation, Inc. dated June 20, 2023 (the "Wikimedia Subpoena"). *See* N.D. Cal. Misc. Action, Doc. 8-2. It called for

> [a] list of all internet protocol addresses used by Wikipedia Administrator 'Chetsford' to access his Wikipedia account over the past 12 months. Not a list of all logins; just the IP address(es). This could be a single IP. It does not take more than 5 minutes to pull and review this data.

The Wikimedia Subpoena was apparently served on June 28, 2023 and called for production two days later, on June 30. *Id.* Wikimedia served objections on July 12, 2023. N.D. Cal. Misc. Action, Doc. 8-3. Castro commenced a miscellaneous action in the Northern District of California and moved to compel compliance with the Wikimedia Subpoena on July 31, 2023.

The Magistrate Judge in California issued a Report and Recommendation ("R&R") on Castro's motion to compel on September 25, 2023, recommending that Castro's motion be denied because he had not received permission to conduct early discovery, but without prejudice to Castro seeking leave for such discovery. N.D. Cal. Misc. Action, Doc. 25. After this Court issued the Order at issue here, the California Magistrate Judge vacated that R&R. *Id.*, Doc. 27. Castro has now moved for "relief" from the order "vacating" the R&R. *Id.*, Doc. 28.

This Court may take judicial notice of various facts from court and other publicly-available documents. For example, Castro is a declared and FEC-registered candidate for the Republican nomination for President of the United States. *See* Appellant's Opening Brief filed July 14, 2023 in *Castro v. Trump*, Eleventh Circuit Appeal No. 23-12111.

Castro's work as an "International Tax Attorney" has received quite some attention, not all of it favorable. For example, Castro prepared tax returns for U.S. citizens working in Australia claiming an election (to avoid paying U.S. taxes on income earned in Australia) that they had previously waived under a binding agreement with the Internal Revenue Service. These returns were ultimately rejected and the taxpayers required to pay U.S. tax. *Smith v. Commissioner*, 159 T.C. No. 3, 2022 U.S. Tax Ct. LEXIS 163, at *21 n.20 (U.S.T.C. Aug. 25, 2022). As a consequence of this rejection, a tax professor at Texas Tech University School of Law gave Castro his "Norm Peterson" award (named after the accountant character on the TV show "Cheers") for a tax position "so crazy it could only have come from Norm." *See* https://taxprof.typepad.com/taxprof_blog/2022/12/lesson-from-the-tax-court-taxpayers-behaving-badly-2022.html.

A full litany of Castro's litigation efforts, including in this Court, would unduly lengthen this memorandum.[4] Of some relevance here, Castro sued the United States on the theory that "a criminal investigative agent of the Internal Revenue Service . . . told certain individuals that Castro was the subject of an IRS investigation." *Castro v. United States*, 2023 U.S. Dist. LEXIS 99220, at *1 (N.D. Tex. March 29, 2023), *findings accepted*, 2023 U.S. Dist. LEXIS 98023 (N.D. Tex. June 6, 2023) (granting the United States' motion for summary judgment).

---

[4] *E.g.*, *Castro v. Berg*, 2019 U.S. Dist. LEXIS 34362, at *2 (N.D. Tex. March 5, 2019) (in lawsuit alleging defamation based on, *inter alia*, statements that Castro was not a lawyer, "[d]efendants point out that Castro is not actually licensed to practice law, a fact which Castro does not dispute in his Response."); *Castro v. Gudorf*, 2018 U.S. Dist. LEXIS 164380, at *1 (S.D. Ohio Sept. 25, 2018) (dismissing case for want of prosecution).

Argument

Rule 54(b) permits this Court to reconsider previous orders. *E.g.*, *Six Dimensions, Inc. v. Perficient, Inc.*, 969 F.3d 219, 227 (5th Cir. 2020) ("Rule 54(b), though, permits reconsideration of interlocutory orders and authorizes the district court to revise at any time any order or other decision . . . [that] does not end the action. . . Under Rule 54(b), the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.") (cleaned up). Here, reconsideration is appropriate. This Court granted Castro's "emergency motion" for leave to take early discovery one day after it was filed. Because John Doe 1 has not been served, John Doe 1 had no notice of the "emergency motion" and was unable to respond prior to this Court's resolution of the motion. Moreover, this Court lacks subject matter jurisdiction and, accordingly, should not have issued any orders permitting discovery, early or otherwise.

Because an essential part of any suit in federal court is subject matter jurisdiction, an order permitting early discovery should not be issued unless the relevant pleading demonstrates that subject matter jurisdiction exists. *E.g.*, *Sinclair v. TubeSockTedD*, 596 F. Supp. 2d 128, 132 (D.D.C. 2009) (denying motion to compel information related to identifying defendants in case alleging defamation and reckless misrepresentation because plaintiff must make a prima facie case, and "it is obvious that . . . the Court has no subject matter jurisdiction" because "the citizenship of the defendants – all anonymous 'Does' – is not known."). A plaintiff cannot make allegations of citizenship for which he has no factual basis, and then ask the Court for discovery in the hopes that some factual basis might materialize. *Id.*

6

Castro attempts to invoke diversity jurisdiction on the theory that defendants are not Texas residents. But, at least with respect to the anonymous defendants, this jurisdictional theory is not supported by adequate factual allegations. Castro alleges John Doe 1's residency based on a purported "investigation" of John Doe 1's "interests, historical edits, and areas of focus," but does not explain how those things could identify anyone's residency. Indeed, the FAC's only allegation of these things is that John Doe 1 wrote a Wikipedia article about Castro – a Texas resident. The FAC's allegation of residency for John Doe 2 is just conclusory. FAC ¶ 7 ("Defendant John Doe 2 is an individual who is not a resident of the state of Texas."). In fact, the allegations for *every* defendant are conclusory. *E.g., Parsan v. BJ'S Wholesale Club*, *Inc.*, 2023 U.S. Dist. LEXIS 166689, *8 (E.D.N.Y. Sept. 19, 2023) (holding that allegation that "there is complete diversity of citizenship" because Defendant "is a citizen of Delaware" and "is not a citizen of New York" were conclusory and inadequate); *Ramirez v. City Wings, Inc.*, 2021 U.S. Dist. LEXIS 157829, *5 (D.V.I. Aug. 20, 2021) ("A complaint that alleges only the residency, but not citizenship or domicile, of a party is jurisdictionally inadequate in a diversity of citizenship case.") (cleaned up).

Generally, with exceptions inapplicable here, Doe defendants are not permitted in federal diversity suits. *E.g.*, *Sinclair*, 596 F. Supp. 2d at 132 (holding that court lacked subject matter jurisdiction in case alleging defamation and reckless misrepresentation against three anonymous defendants and rejecting plaintiff's argument that discovery will establish that defendants are citizens of other states; "The law is clear . . . that a diversity action cannot be brought against Doe defendants in hopes of later discovering that the requisite diversity of citizenship actually exists."); *Sandoval*, 591 F. Supp. 3d at 11 (quoting *Sinclair*); *Vogel v. Go Daddy Group, Inc.*,

266 F. Supp. 3d 234, 238 (D.D.C. 2017) ("A suit invoking a federal court's diversity jurisdiction cannot be brought solely against Doe defendants because their place of citizenship is not known"); *Kilgore v. Providence Place Mall*, 2016 U.S. Dist. LEXIS 71315, at *6 (D.R.I. April 1, 2016) (rejecting diversity jurisdiction where only defendant is an unknown party).

Even if a plaintiff could plausibly allege the citizenship of anonymous defendants, Castro has not done so here. First, Castro only asserts that his "place of residency" is in Texas and that defendants are not residents of Texas (FAC ¶¶ 5-11); subject matter jurisdiction under Section 1332 requires diverse *citizenship*, not residency. *E.g.*, *Preston v. Tenet Healthsystem Mem. Med. Ctr.*, 485 F.3d 793, 799 (5th Cir. 2007) and authorities therein. Citizenship for diversity purposes is determined by domicile, not residency. *Id.*

Further, a complaint in federal court must assert a plausible basis for its conclusions. Detailed allegations are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). So, too, with allegations of subject matter jurisdiction and the citizenship of anonymous defendants. *Vogel*, 266 F. Supp. 3d at 240 ("In order to establish each Doe Defendant's place of citizenship, Plaintiff must provide plausible factual allegations concerning not only each Doe Defendant's presence in a particular state, but also his or her intent to remain there."); *Tan v. Doe*, 2014 U.S. Dist. LEXIS 61972, at *9 (S.D.N.Y. May 1, 2019) (concluding that diversity jurisdiction was not adequately alleged because the complaint "does not contain any allegations that would allow the Court to plausibly infer that the John Doe Defendant is, unlike Plaintiffs, not a resident of the state of New York."). In many circumstances, an allegation of citizenship for an anonymous

defendant is likely to be implausible. *Cf. Blossoms & Blooms, Inc. v. Doe*, 2022 U.S. Dist. LEXIS 136226, at *4 n.1 (E.D. Pa. July 29, 2022) ("The Court finds it curious that Plaintiffs appear to have sufficient information to allege [defendant] lives outside of the Commonwealth of Pennsylvania but claim they are unable to determine [defendant's] true identity.").

Courts similarly reject conclusory citizenship allegations made on information and belief in suits against anonymous defendants. *E.g.*, *Stephens v. Halliburton Co.*, 2003 U.S. Dist LEXIS 15739, at *18 (N.D. Tex. Sept. 5, 2003) (holding that court lacks subject matter jurisdiction and that allegation "on information and belief" that the "Doe defendants are not domiciled in any state as any Plaintiff . . . are simply insufficient to establish diversity of citizenship. This is nothing more than an attempt to establish diversity jurisdiction by default . . .").

Finally, although 28 U.S.C. § 1441 permits courts to ignore the citizenship of Doe defendants when identified defendants remove cases to federal court, the same rule does not apply when, as here, plaintiffs invoke federal jurisdiction under § 1332. *E.g.*, *Stephens*, 2003 U.S. Dist LEXIS 15739, at *21-22 (N.D. Tex. Sept. 5, 2003); *Meng v. Schwartz*, 305 F. Supp. 2d 49, 55-56 (D.D.C. 2004); *Sandoval*, 591 F. Supp. 3d at 10 (noting that there is an exception to the rule that Doe defendants are not permitted in federal diversity suits for removal cases, but that the exception was inapplicable because the case had not been removed from state court).

Conclusion

For the foregoing reasons, the motion to reconsider should be granted, the Court's Order should be vacated,  and, upon reconsideration, Castro's motion for early discovery should be denied.

9

Respectfully submitted,

*/s/ Anne Marie Mackin*
Anne Marie Mackin
Texas Bar No. 24078898
The Gober Group
14425 Falcon Head Blvd.
Building E-100, Suite 226
Austin TX 78738
Telephone: (512) 354-1785
Fax: (877) 437-5755
amackin@gobergroup.com

Michael E. Rosman
(pro hac vice motion forthcoming)
Center for Individual Rights
1100 Connecticut Ave., Suite 625
Washington, D.C. 20036
telephone: (202) 833-8400
fax: (202) 833-8410
rosman@cir-usa.org

Attorneys for John Doe 1 (Chetsford)

10