IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| J.A. CASTRO, | § | |
|     Plaintiff, | § | |
| | § | |
| VS. | § | Case No. 4:23-cv-00613-P-BJ |
| | § | |
| JOHN DOE 1 (a.k.a. "CHETSFORD"), *et al.* | § | |
|     Defendants, | § | |

**REPLY BRIEF IN SUPPORT OF MOTION TO RECONSIDER BY DEFENDANT
JOHN DOE 1 ("Chetsford")**

Anne Marie Mackin
Texas Bar No. 24078898
The Gober Group
14425 Falcon Head Blvd.
Building E-100, Suite 226
Austin TX 78738
telephone: (512) 354-1785
fax: (877) 437-5755
amackin@gobergroup.com

Michael E. Rosman
(pro hac vice motion forthcoming)
Center for Individual Rights
1100 Connecticut Ave., Suite 625
Washington, D.C. 20036
telephone: (202) 833-8400
fax: (202) 833-8410
rosman@cir-usa.org

John Doe 1, aka Chetsford, submits this short reply brief in support of their motion for reconsideration (Doc. 23) of the Court's September 19, 2023 electronic order permitting plaintiff to take early discovery concerning John Doe 1's identity (Doc. 21). Plaintiff John Anthony Castro ("Castro") has submitted something he characterized as "Objections" (Doc. 25, "Objs") in response to John Doe 1's motion, but which appear no different than general opposition papers. Accordingly, John Doe 1 will treat them as such.

John Doe 1's motion for reconsideration (Doc. 23) and brief in support (Doc. 24) demonstrate that federal courts uniformly reject claims of diversity jurisdiction over anonymous defendants. Castro's two arguments to the contrary are meritless.

First, in an effort to distinguish *Stephens v. Halliburton Co.*, 2003 U.S. Dist LEXIS 15739 (N.D. Tex. Sept. 5, 2003), Castro suggests that John Doe 1 is a "nominal defendant" because John Doe 1 was "merely a hired gun with true liability resting on Defendant Donald J. Trump" and because Castro "does not intend to pursue any damages against [John Doe 1]." Objs. at 1. But Castro cites no case that stands for the proposition that the person who actually committed the alleged defamation in a defamation case – whether paid to do so or otherwise – is a "nominal" defendant. And the operative complaint, the First Amended Complaint (Doc. 16, "FAC"), seeks no less than $180,000,000 against John Doe 1. *See* FAC at 6-7. Castro cannot amend the operative pleading in this action with an offhand statement in a paper about his intent.

In any event, Castro says nothing at all about John Doe 2, who is alleged to have paid John Doe 1 along with Trump. FAC at 2 (¶ 12).[1] So even accepting Castro's idiosyncratic

---

[1] John Doe 2 was named in the FAC's caption, while Trump and various entities he allegedly controls were not. Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the

(continued...)

1

understanding of "nominal defendant" at face value, he could not plausibly argue that John Doe 2 is a nominal defendant.

Second, Castro cites one unreported Fifth Circuit decision and several district court opinions that he argues counsel against pre-discovery dismissal of claims against Doe defendants (and support the proposition "Don't Mess With Texas."). Objs. at 2 & nn.1-2. None of these cases is relevant because none of them involved a claim of diversity jurisdiction in a suit against anonymous defendants. Instead, each of these cases was based on federal-question jurisdiction. The case in footnote 1 of Castro's Objections was a Section 1983 lawsuit. All of the cases in footnote 2 were copyright infringement cases. Accordingly, subject matter jurisdiction in those cases rested on 28 U.S.C. § 1331, not 28 U.S.C. § 1332, and allegations of citizenship were unnecessary to establish subject matter jurisdiction. Just the opposite is true here, FAC at 1-2 (¶ 4).

Finally, it deserves mention that Castro has never (in several tries) made any allegations of *citizenship* for *any* party , plaintiff or defendant, anonymous or otherwise, which adequately establish the diversity of citizenship that is essential to establish diversity jurisdiction.

## Conclusion

For the foregoing reasons, and the ones set forth in John Doe 1's motion for reconsideration and brief in support, the motion to reconsider should be granted and, upon reconsideration, Castro's motion for early discovery should be denied.

---

[1](...continued)
parties.").

Respectfully submitted,

*/s/ Anne Marie Mackin*
Anne Marie Mackin
Texas Bar No. 24078898
The Gober Group
14425 Falcon Head Blvd.
Building E-100, Suite 226
Austin TX 78738
Telephone: (512) 354-1785
Fax: (877) 437-5755
amackin@gobergroup.com

Michael E. Rosman
(pro hac vice motion forthcoming)
Center for Individual Rights
1100 Connecticut Ave., Suite 625
Washington, D.C. 20036
telephone: (202) 833-8400
fax: (202) 833-8410
rosman@cir-usa.org

Attorneys for John Doe 1 (Chetsford)

3