**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| J.A. CASTRO </br>          Plaintiffs, </br> </br> v. </br> </br> DONALD JOHN TRUMP, DONALD J. TRUMP FOR PRESIDENT 2024, INC., MAKE AMERICA GREAT AGAIN INC., MAKE AMERICA GREAT AGAIN PAC, TRUMP SAVE AMERICA JOINT FUNDRAISING COMMITTEE *and* JOHN DOE 1 (*a.k.a.* "CHETSFORD"), </br> </br>          Defendants. | Case No. 4:23-cv-613-P </br> </br> Jury Trial Demanded |

**CORRECTED MOTION FOR LEAVE TO AMEND COMPLAINT**

Plaintiff, J.A. CASTRO (herein "Plaintiff), *pro se*, hereby corrects his motion to this Honorable Court for leave to amend his Complaint and, in support thereof, shows the following:

**BAD FAITH MOTIVE BY DEFENDANT CHETSFORD**

On Thursday, October 12, 2023, U.S. Magistrate Judge Thomas S. Hixson of the U.S. District Court for the Northern District of California issued his Report and Recommendations to U.S. District Court Judge Yvonne Gonzalez Rogers recommending that, for the first time in the history of the Wikimedia Foundation, Wikipedia should be compelled to unmask and provide the personal identifying information of a Wikipedia editor who is accused of being paid by the Trump campaign to maliciously defame Plaintiff John Anthony Castro, a Texas Republican who has filed suit in various federal courts seeking to have Trump declared constitutionally disqualified from appearing on any ballots for having provided aid and comfort to the insurrectionists that violently attacked the United States Capitol on January 6, 2021.

In an obvious act of desperation, Defendant John Doe 1 ("Chetsford") now seeks to attack

1

the order granting leave to conduct early discovery to undercut the legal basis for U.S. Magistrate Judge Thomas S. Hixson's recommendation to U.S. District Court Judge Yvonne Gonzalez Rogers.

This Court can and should, pursuant to Fed. R. Civ. P. 11(c), *sua sponte* impose sanctions on Counsel for Defendant Chetsford in the amount of $5,000 for wasting the Court's time and attempting to frustrate the legal grounds and jurisdiction of the U.S. District Court of the Northern District of California.

### TIMELY MOTION FOR LEAVE WITH GOOD-FAITH PURPOSE

As the U.S. Supreme Court has explained, "Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded."[1]

The U.S. Court of Appeals for the 5th Circuit has elaborated that in "deciding whether to grant such leave, the court may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment."[2]

In this case, there has been no undue delay. Defendant Chetsford has addressed technical and procedural issues that, although this Court could disregard, Plaintiff now seeks to voluntarily correct to avoid distraction from the merits. This is done neither in bad faith or with dilatory motive. There have been no repeated failures to cure deficiencies by amendments previously allowed by the Court as this is the first time Plaintiff has been made aware of any perceived deficiency as well as the first time Plaintiff has asked this Court for leave to amend. There is no undue prejudice to the opposing party other than

---

[1] *Foman v. Davis*, 371 U.S. 178, 182 (1962).
[2] *Matter of Southmark Corp.*, 88 F.3d 311, 314–15 (5th Cir. 1996).

2

Defendant Chetsford not wanting to be held accountable for his malicious conduct. The amendment is not futile as it specifically addresses issues, whether legitimate or not, raised by counsel for Defendant Chetsford.

As the Fifth Circuit explained, "in absence of any justifying reasons, [a] district court err[s] in denying [a] facially valid motion to amend pleadings" that evidenced no prejudice to other parties.[3]

The Fifth Circuit has upheld denials of motions for leave to amend where there was a finding that the amendment would add "twenty-six new parties" and "preparation… would require several years," which would "undoubtedly prejudice" the other party.[4]

The Fifth Circuit also upheld a denial where it was shown that the party "failed to correct pleading deficiencies when given the opportunity to do so" by prior leave.[5]

The Fifth Circuit upheld a denial when it was clear the amendment was being pursued in bad faith to serve as grounds to disqualify a judge and to present a new but weaker legal theory to support a claim for relief.[6]

The Fifth Circuit has found that attempting to amend a complaint on the eve of trial without explanation after 19 months had passed justified denial to amend for undue delay.[7] In this case, it has been only 4 months, and there is an explanation for the delay: Plaintiff is seeking a motion to compel to uncover the identity of Defendant Chetsford. After obtaining the internet protocol addresses from Wikipedia, Plaintiff will subpoena the Internet Service Provider that hosted the internet protocol addresses, which will reveal the name and physical address of the account holder. After that, private investigators will utilize process of elimination to determine the occupants of

---

[3] *Halbert v. City of Sherman, Tex.*, 33 F.3d 526 (5th Cir. 1994).
[4] *Ross v. Houston Indep. Sch. Dist.*, 699 F.2d 218, 229 (5th Cir. 1983).
[5] *Chitimacha Tribe of Louisiana v. Harry L. L. Co.*, 690 F.2d 1157, 1164 (5th Cir. 1982).
[6] *See Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981).
[7] *See Daves v. Payless Cashways, Inc.*, 661 F.2d 1022 (5th Cir. 1981).

the address to identify the true identity of Defendant Chetsford. All of this could take up to 9 additional months. However, this delay would not be undue. Undue is unwarranted or inappropriate because it is excessive or disproportionate to what is needed. On the contrary, this is all needed and critical. It is simply something that has never been done before because most lack the patience and legal skill to see it through to the end. However, as Defendant Chetsford is learning the hard way, Plaintiff is absolutely committed to the rule of law and pursuit of justice. Defendant Chetsford will not escape accountability.

## REQUESTED RELIEF

Plaintiff is correcting the defendants in the case to capture Defendant Donald John Trump's principal campaign committee and other PACs, Super PACs, and committees he controls.

Plaintiff has shown that, in accordance with Fed. R. Civ. P. 15 as well as established case law from both the U.S. Supreme Court and the U.S. Court of Appeals for the 5th Circuit, he is entitled to amend his complaint.

Dated: November 6, 2023.

_____
J. A. CASTRO
Plaintiff *Pro Se*
12 Park Place
Mansfield, TX  76063
Tel. (202) 594 - 4344
J.Castro@CastroAndCo.com

## VERIFICATION

I, John Anthony Castro, on this pursuant to 28 U.S.C. § 1746, verify under penalty of perjury that the entirety of the foregoing Complaint is true and correct.

Executed on November 6, 2023.

_____
John Anthony Castro

# Exhibit A

# Proposed Amended Complaint