**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| J.A. CASTRO )<br>        Plaintiffs, )<br> )<br>v. )<br> )<br>DONALD JOHN TRUMP, DONALD )<br>J. TRUMP FOR PRESIDENT 2024, )<br>INC., MAKE AMERICA GREAT )<br>AGAIN INC., MAKE AMERICA )<br>GREAT AGAIN PAC, TRUMP )<br>SAVE AMERICA JOINT )<br>FUNDRAISING COMMITTEE *and* )<br>JOHN DOE 1 (*a.k.a.* )<br>"CHETSFORD"), )<br> )<br>        Defendants. ) | Case No. 4:23-cv-613<br><br>Jury Trial Demanded |

---

**THIRD AMENDED VERIFIED COMPLAINT**

---

                                                                                 J. A. CASTRO
                                                                                 Plaintiff *Pro Se*
                                                                                 12 Park Place
                                                                                 Mansfield, TX  76063
                                                                                 Tel. (202) 594 - 4344
                                                                                 J.Castro@CastroAndCo.com

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... iii
I.   PRELIMINARY STATEMENT ................................................................................ 1
II.  JURISDICTION AND VENUE ................................................................................. 1
III. PARTIES ..................................................................................................................... 2
IV.  FACTUAL ALLEGATIONS .................................................................................... 3
V.   COUNT I: INTENTIONAL TORT- DEFAMATION PER SE ............................. 5
VI.  JURY DEMAND ........................................................................................................ 6
VII. PRAYER FOR RELIEF ............................................................................................ 6

# **TABLE OF AUTHORITIES**

**Cases**

*Bedford v. Spassoff*,
  520 S.W.3d 901, 905 (Tex. 2017) ............................................................................................ 4
Cohen v. Horn,
  2022 WL 1718051 (D.N.J. May 27, 2022), aff'd, 2022 WL 17546950 (3d Cir. 2022). ............. 3
*D Mag. Partners, L.P. v. Rosenthal*,
  529 S.W.3d 429, 434 (Tex. 2017)
*In re Lipsky,*
  460 S.W.3d (Tex. 2015)) ...................................................................................................... 3,4
*Leyendecker & Assocs. v. Wechter*,
  683 S.W.2d 369, 374 (Tex. 1984) ............................................................................................ 4
*Memon v. Shaikh,*
  401 S.W.3d 407, 421 (Tex. App.—Houston [14th Dist.] 2013, no pet.) .................................... 4

**Statutes**

28 U.S.C. § 1332(a) ................................................................................................................... 2

# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | |
|---|---|
| J.A. CASTRO ) | |
|         Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 4:23-cv-613-P |
| ) | |
| DONALD JOHN TRUMP. JOHN DOE 1 ) | |
| (*a.k.a.* "CHETSFORD"), SAVE AMERICA ) | Jury Trial Demanded |
| PAC, MAKE AMERICA GREAT AGAIN ) | |
| INC., *and* PATRIOT LEGAL DEFENSE ) | |
| FUND, ) | |
| ) | |
|         Defendants. ) | |

## THIRD AMENDED VERIFIED COMPLAINT

Plaintiff, J.A. CASTRO (herein "Plaintiff), *pro se*, hereby complains and alleges against the Defendants as follows:

### I.   PRELIMINARY STATEMENT

1. Plaintiff brings this action against Defendant Donald J. Trump and his associated entities who engaged the paid Wikipedia editorial services of Defendant John Doe 1, a.k.a. Chetsford, to publish immensely damaging and defamatory statements against Plaintiff.

2. Plaintiff seeks an award of compensatory and punitive damages for the harm to his personal and professional reputation, current business interests, and the impairment of business opportunities as a result from the intentionally false defamatory statements and implications about him published by Defendants.

### II.   JURISDICTION AND VENUE

3. This Court has diversity jurisdiction over these claims under 28 U.S.C. § 1332(a) because (1) the matter in controversy exceeds the value of $75,000.00, exclusive of interest and costs and (2) the controversy is between individuals that are citizens of different states.

1

## III.     VERIFIED PARTIES

4. Plaintiff J.A. CASTRO is an individual whose place of residency is in Texas.

5. Defendant Donald John Trump is an individual who is a domiciled in the state of Florida but currently transient in various states as a candidate pursuing the Republican nomination to pursue the Presidency of the United States. His agents can be found at his residence: 1100 South Ocean Boulevard, Palm Beach, Florida 33480.

6. Donald J. Trump for President, Inc., is the principal campaign committee (ID: C00828541) for Defendant Donald John Trump.

7. Make America Great Again Inc. ("MAGA Inc.") is a political action committee controlled by Defendant Donald John Trump. It is headquartered in Massachusetts. This entity is not a resident of the state of Texas.

8. Make America Great Again PAC ("MAGA PAC") is a political action committee controlled by Defendant Donald John Trump. It is headquartered in Virginia. This entity is not a resident of the state of Texas.

9. Trump Save America Joint Fundraising Committee ("Trump Joint Committee") is a political action committee controlled by Defendant Donald John Trump. It is headquartered in Virginia. This entity is not a resident of the state of Texas.

10. Defendants Donald John Trump, Donald J. Trump for President 2024 Inc., MAGA Inc., MAGA PAC, and Trump Joint Committee will collectively be addressed as the "Trump Defendants."

11. Defendant John Doe 1, a.k.a., "Chetsford" ("Defendant Chetsford") is an individual who is a resident of the state of Washington located in or around the city of Spokane. As shown in the amended request for relief below, no relief is sought against Defendant John Doe 1. As such, John Doe 1 is a nominal defendant.

## IV.    VERIFIED FACTUAL ALLEGATIONS

12. Defendant Donald J. Trump, through the Trump Defendants, paid Defendant Chetsford to create a Wikipedia page for Plaintiff for the sole purpose of defaming Plaintiff and damaging his reputation.

13. The false information included, but was not limited to, statements that Plaintiff was under federal indictment, which is verifiably false, that Plaintiff was a "sleazy" tax attorney, and that Plaintiff never served in the United States military, which is verifiably false since Plaintiff has a DD-214 with an Honorable Discharge from the United States Army and is legally classified as a Veteran despite the fact that Plaintiff does not identify as a veteran since his wartime service was while attending the United States Military Academy Preparatory School, which is now located at West Point.

14. All Defendants jointly assisted in this effort by providing false information and fabricated documentation. In particular, Defendant John Doe 1 fabricated a document purportedly from the State of Florida that warns Plaintiff not to identify as an International Tax Attorney. The letter is fabricated and likely constitutes a criminal violation in the State of Florida for falsely using the state seal and seemingly official state letterhead.

15. Plaintiff holds two law degrees, one of which is a Master of Laws in Taxation (LL.M.) from Georgetown Law and is a federal practitioner exempt from state bar licensing pursuant to the U.S. Supreme Court holding in *Sperry v. Florida*. For that reason, the Texas State Bar, Florida State Bar, and DC Bar have all acquiesced to Plaintiff holding himself out to the public as an International Tax Attorney. Defendants were aware of this when they falsely published the defamatory statements on Wikipedia.

16. Because there is an economic motivation for the false defamatory statements, this is commercial speech. *See Procter & Gamble Co. v. Amway Corp.*, 242 F.3d 539, 552 (5th Cir.

3

2001), *abrogated on other grounds by Lexmark Int'l, Inc. v. Static Control Components, Inc*., 572 U.S. 118 (2014).  As such, Plaintiff need not show actual malice.  Nevertheless, Plaintiff intends to establish actual malice for the purpose of convincing the jury to impose steep punitive damages.

17. Defendant Donald J. Trump's motivation for financing this defamatory attack was retaliation for Plaintiff having brought suit against him to challenge his eligibility to hold public office in the United States for violating Section 3 of the 14th Amendment to the United States Constitution when he provided aid and comfort to the insurrectionists that violently attacked our United States Capitol on January 6, 2021.

18. Defendant Chetsford, at the direction of Defendant Donald J. Trump, published false and defamatory statements not once, but repeatedly over a substantial period of time.

19. Defendants knowingly and intentionally relied on and used unreliable sources to perpetuate the defamatory statements about Plaintiff.

20. Defendants acted with actual malice in publishing the knowingly false information.

21. Defendants entertained serious doubts about the truthfulness of the statements but published them anyways.

22. Defendants' statements are reasonably understood to be statements of fact about Plaintiff, and were understood by people who saw, heard, and read them to be statements of fact about Plaintiff.

23. Defendants' knowingly false defamatory statements, if taken individually or together in their cumulative impact, damaged Plaintiff in the various ways described herein.

24. Defendants' published statements were not in connection with a public figure or person who has drawn substantial public attention due to notoriety.  Plaintiff has only received minimal public attention from a few obscure media outlets.

25. Defendants' published statements were not in connection with a subject of concern to the

public.

26. The matter of public concern was used as a pretext to publish statements that are not a subject of concern to the public.

27. Defendants' published statements were a personal attack on Plaintiff unrelated to any subjects of concern to the public.

28. Defendants' actions were done with malicious bad-faith and with the intent to irreparably damage Plaintiff's reputation.

29. As such, Defendants' actions were not in furtherance of any constitutionally protected rights.

## V. COUNT I: INTENTIONAL TORT- DEFAMATION PER SE

30. Plaintiff repeats, reiterates, and re-alleges each and every allegation above as though set forth herein.

31. Under Texas law, to prevail on a defamation claim, a plaintiff must establish that: "(1) the defendant published a false statement; (2) that defamed the plaintiff; (3) with the requisite degree of fault regarding the truth of the statement (negligence if the plaintiff is a private individual); and (4) damages (unless the statement constitutes defamation *per se)*." *D Mag. Partners, L.P. v. Rosenthal*, 529 S.W.3d 429, 434 (Tex. 2017) (citing *In re Lipsky,* 460 S.W.3d 579, 593 (Tex. 2015)).

32. Further, in any defamation case, a threshold legal question is whether the challenged publication is defamation *per se* or defamation *per quod*. See *In re Lipsky*, 460 S.W.3d at 596 (observing that "whether a statement qualifies as defamation per se is generally a question of law"). A statement is considered defamation *per se* if, on its face, it falls within one of the following four categories: (1) it falsely charges a person with the commission of a crime, see, e.g., *Leyendecker & Assocs. v. Wechter*, 683 S.W.2d 369, 374 (Tex. 1984); (2) it falsely

5

imputes that a person has a loathsome disease, see, e.g., *Memon v. Shaikh,* 401 S.W.3d 407, 421 (Tex. App.—Houston [14th Dist.] 2013, no pet.); (3) it falsely imputes sexual misconduct, see, e.g., id.; or (4) it injures a person in their office, profession, or occupation, see, e.g., *Bedford v. Spassoff*, 520 S.W.3d 901, 905 (Tex. 2017). Damages are presumed if the publication is defamation *per se*. *In re Lipsky, 460 S.W.3d at 596*.

33. Defendants knew that the statements were false and acted with either reckless disregard for the truth or with actual malice by publishing the knowingly false information.

34. Defendants' defamatory statements were accompanied with malice, wantonness, and a conscious desire to cause injury.

35. Defendants' lies about Plaintiff were specific and verifiably false, and therefore not "opinion."

36. Plaintiff sustained serious reputational damages to his professional career.

37. By reason of the foregoing act of Defendant, Plaintiff is entitled to actual, presumed, punitive, and other economic damages in an amount to be specifically determined at trial.

## VI.   JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

## VII.   PRAYER FOR RELIEF

WHEREFORE, upon all facts and circumstances herein alleged, Plaintiff respectfully requests that this Court:

    A. Grant judgment solely against the Trump Defendants on each and every cause of action alleged herein;

    B. Grant an order awarding Plaintiff damages solely against Trump Defendants in an amount to be determined at trial, together with interest and the costs and disbursements of this action, punitive damages, as well as any other damages

permitted to be recovered by law pursuant to the above causes of action not less than $180,000,000.00 for (1) lost profits; (2) lost enterprise value, and (3) punitive damages;

C. No relief is or will be sought against Defendant John Doe 1; and

D. Grant any such further relief (other than relief against Defendant John Doe 1 who is a nominal defendant) as the Court deems just, proper, and equitable.

Dated: November 6, 2023.

_____
J. A. CASTRO
Plaintiff *Pro Se*
12 Park Place
Mansfield, TX  76063
Tel. (202) 594 - 4344
J.Castro@CastroAndCo.com

## VERIFICATION

I, John Anthony Castro, on this pursuant to 28 U.S.C. § 1746, verify under penalty of perjury that the entirety of the foregoing Complaint is true and correct.

Executed on November 6, 2023.

_____
John Anthony Castro

7