**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **J.A. CASTRO,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **Case No. 4:23-CV-613-P** |
| | § | |
| **JOHN DOE 1 (a.k.a. "CHETSFORD"),** *et al.* | § | |
| **Defendants,** | § | |

**JOHN DOE 1's RESPONSE TO PLAINTIFF CASTRO'S OBJECTIONS TO THE
MAGISTRATE JUDGE'S JANUARY 10 REPORT AND RECOMMENDATION**

Anne Marie Mackin
Texas Bar No. 24078898
The Gober Group
14425 Falcon Head Blvd.
Building E-100, Suite 226
Austin TX 78738
telephone: (512) 354-1785
fax: (877) 437-5755
amackin@gobergroup.com

Michael E. Rosman
Admitted pro hac vice
Center for Individual Rights
1100 Connecticut Ave., Suite 625
Washington, D.C. 20036
telephone: (202) 833-8400
fax: (202) 833-8410
rosman@cir-usa.org

Table of Contents

Table of Contents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

Procedural History . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

     A.     The Original Complaint . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

     B.     The Wikimedia Subpoena . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

     C.     The Third Amended Complaint . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

The R&R and Castro's Objections . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

     I.     THE R&R CORRECTLY DETERMINED THAT CASTRO HAS NOT SERVED
            JOHN DOE 1 AND, ACCORDINGLY, THE COMPLAINT AGAINST HIM
            SHOULD BE DISMISSED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

     II.    THE R&R CORRECTLY DETERMINED THAT THIS COURT LACKS
            PERSONAL JURISDICTION OVER JOHN DOE 1 AND CASTRO'S
            OBJECTIONS FAIL TO SHOW OTHERWISE . . . . . . . . . . . . . . . . . . . . . . . 9

     III.   THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER THIS
            ACTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

            A.     The TAC Fails To Support The Claim Of Diversity Jurisdiction . . . . . . 12

            B.     Anonymous Defendants Are Inconsistent With Diversity Jurisdiction . . 14

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Table of Authorities

Cases

*Block v. Barnes*, 2023 U.S. Dist. LEXIS 48268 (W.D. Tex. March 22, 2023), *adopted*,
    2023 U.S. Dist. LEXIS 123248 (W.D. Tex. July 18, 2023) . . . . . . . . . . . . . . . . . . . . . . 10

*Blossoms & Blooms, Inc. v. Doe*, 2022 U.S. Dist. LEXIS 136226 (E.D. Pa. July 29, 2022) . . . 13

*Bowman v. Korte*, 962 F.3d 995 (7th Cir. 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Citizens Against Casino Gambling in Erie County v. Hogen*, 2007 U.S. Dist. LEXIS
    100766 (W.D.N.Y. Aug. 14, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Clemens v. McNamee*, 615 F.3d 374 (5th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Competitive Golf Advantage LLC v. Elite Golf Technologies*, 2022 U.S. Dist. LEXIS 121
    (S.D. Tex. Jan. 3, 2022) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Document Security Systems, Inc. v. Adler Technologies, Inc.*, 2008 U.S. Dist LEXIS
    15744 (W.D.N.Y. Feb. 29, 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Donegan v. Toro Co.*, 2022 U.S. Dist. LEXIS 216496 (W.D. Tex. Nov. 20, 2022) . . . . . . . . . . 13

*Ferguson v. Cook County*, 2021 U.S. Dist. LEXIS 137158 (N.D. Ill. July 22, 2021) . . . . . . . . . 9

*Flores v. Koster*, 2013 U.S. Dist. LEXIS 26439 (N.D. Tex. Jan. 22, 2013) . . . . . . . . . . . . . 16, 17

*Hertz Corp. v. Friend*, 559 U.S. 77 (2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Howery v. Allstate Ins. Co.*, 243 F.3d 912 (5th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*James v. Lockheed Martin Corp.*, 2005 U.S. Dist. LEXIS 63123 (N.D.N.Y. July 26,
    2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 18

*Janvey v. Adams*, 588 F.3d 831 (5th Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Kilgore v. Providence Place Mall*, 2016 U.S. Dist LEXIS 71315 (D.R.I. April 1, 2016) . . . . . 15

*McGovern v. American Airlines, Inc.*, 511 F.2d 653 (5th Cir. 1975) . . . . . . . . . . . . . . . . . . 12, 14

*Omni Capital Int'l v. Rudolph Wolff & Co.*, 484 U.S. 97 (1987) . . . . . . . . . . . . . . . . . . . . . . . . 8

ii

*Preston v. Tenet Healthsystem Mem. Med. Ctr.*, 485 F.3d 793 (5th Cir. 2007) . . . . . . . . . . . . 13

*Sandoval v. Doe*, 591 F. Supp. 3d 7 (E.D.N.C. 2022) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Sinclair v. TubeSockTedD*, 596 F. Supp. 2d 128 (D.D.C. 2009) . . . . . . . . . . . . . . . . . . . . . . . 15

*Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422 (2007) . . . . . . . . . . . . . . . 8

*Stephens v. Halliburton Co.*, 2003 U.S. Dist LEXIS 15739 (N.D. Tex. Sept. 5, 2003) . . . . . . . 15

*Vogel v. Go Daddy Group, Inc.*, 266 F. Supp. 3d 234 (D.D.C. 2017) . . . . . . . . . . . . . . . . . . . . 15

Constitutional Provisions, Statutes, and Regulations

28 U.S.C. § 1332(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 12, 14

28 U.S.C. § 1332(c)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Fed. R. Civ. P. 15(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Fed. R. Civ. P. 19 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Fed. R. Civ. P. 33(b)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Fed. R. Civ. P. 34(b)(2)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Fed. R. Civ. P. 36(a)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Fed. R. Civ. P. 6(b)(1)(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Fed. R. Civ. P. 72(b)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Defendant John Doe 1, aka Chetsford, submits this response to Plaintiff J.A. Castro's objections ("Objs."), Doc. 49, to the Report and Recommendation ("R&R"), Doc 47, of Magistrate Judge Cureton.[1] The R&R recommended that this Court (1) dismiss the claims against all defendants based upon a lack of personal jurisdiction and/or failure to serve, (2) declare Castro a vexatious litigant, and (3) require that Castro seek leave of court before he is permitted to file any additional actions in this district. R&R at 12.

The great bulk of Castro's objections address the second and third of these recommendations. John Doe 1 takes no position on those recommendations. This response focuses solely on the recommendation that the claims against John Doe 1 be dismissed.

Procedural History

A.     The Original Complaint

Castro commenced an action in this Court on June 16, 2023 by filing a complaint ("Complaint" or "Compl.").  Doc. 1. Although labeled a "Verified Complaint," no verification appears in the document. It asserted that Castro brought the action against "the as-yet to-be-identified 'John Does' who published immensely damaging and defamatory statements against Plaintiff through Wikipedia using a paid Administrator named 'Chetsford,'" identified in the

---

[1]     John Doe 1 notes that the R&R required responses to Castro's objections to be filed within seven days of the filing date of the objections. R&R 13. The Federal Rules permit 14 days after service for such responses. Fed. R. Civ. P. 72(b)(2). In the absence of any specific provision authorizing a court to shorten that time – *e.g.*, Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A), 36(a)(3) – it is less than clear that a court has any authority to do so. *Citizens Against Casino Gambling in Erie County v. Hogen*, 2007 U.S. Dist. LEXIS 100766, *4 (W.D.N.Y. Aug. 14, 2007) ("Plaintiffs have provided no persuasive authority for the proposition that this Court may shorten the time [to answer the complaint] afforded under the Federal Rules in this case.").

Complaint as John Doe 1. Compl. ¶ 1. Paragraph 6[2] of the Complaint stated that this Court "has diversity jurisdiction over the[] claims under 28 U.S.C. § 1332(a)" because the matter in controversy exceeds $75,000 and "*depending on the identity of John Does* . . . the controversy is between individuals that are citizens of different jurisdictions."  Compl. ¶ 6 (emphasis added). Paragraphs 8-9, 10A-11A[3] alleged, "on information and belief," that each of the four Doe defendants is an individual "who is not a resident of . . . Texas." The civil cover sheet lists John Doe 1's "county of residence" as "unknown."

The Complaint alleged that John Does 3 and 4 hired John Doe 1 to create a Wikipedia page for Plaintiff for the sole purpose of defaming him.  Compl. ¶ 10B.

B.    The Wikimedia Subpoena

The clerk of this Court issued a subpoena for Wikimedia Foundation, Inc. dated June 20, 2023 (the "Wikimedia subpoena"). It called for "[a] list of all internet protocol addresses used by Wikipedia Administrator 'Chetsford' to access his Wikipedia account over the past 12 months." N.D. Cal. Misc. Action 4:23-mc-80198 ("N.D. Cal. Action"), Doc. 8-2. Wikimedia served objections on July 12, 2023. N.D. Cal. Action, Doc. 8-3. After those objections were served, Wikimedia and Castro communicated to determine if a resolution could be reached. Castro said that his "goal is to get Chetsford to agree to testify against the Trump campaign that I know paid him to do this" and "to use this civil action to bankrupt the Trump reelection campaign." N.D.

---

[2]      Paragraph 6 is the fourth paragraph of the "Verified Complaint."  Doc. 1. There are no paragraphs numbered "4" or "5."

[3]      The Complaint has two paragraphs numbered "10," two numbered "11," and two for each number between 20 and 27 (inclusive). Here, "A" (*e.g.*, "10A") refers to the first paragraph with a duplicated number and "B" to the second.

Cal. Action, Doc. 8-4 at 5.

Castro moved to compel compliance with the Wikimedia subpoena in the Northern District of California on July 31, 2023. N.D. Cal. Action, Doc. 1. On August 14, 2023, Wikimedia and John Doe 1 filed opposition papers in the California court. Later that day, Castro filed a "First Amended Verified Complaint" (FAC) in this Court. Doc. 16. Shortly thereafter, he filed a "Second Amended Verified Complaint" in this Court (albeit without seeking leave under Rule 15(a)(2)). Doc. 17.

On October 12, 2023, the Magistrate Judge assigned to the Northern District of California matter issued a report and recommendation recommending that Castro's motion to compel be granted. N.D. Cal. Action, Doc. 31. On October 26, 2023, Wikimedia and John Doe 1 each filed separate objections to the report and recommendation. *Id.*, Docs. 33, 34. On November 21, 2023, Castro moved for an "expedited court order," albeit without mentioning the nature of the expedited order being sought. *Id.*, Doc. 36. The California Court denied that motion and, in the same order, ordered Castro to show cause "explaining why the motion to compel is not mooted by his third-amended complaint in the underlying Texas action given that he now concedes that he does not seek any remedy against John Doe 1." *Id.*, Doc. 37. Castro filed a response to the California Court's order to show cause, and John Doe 1 and Wikimedia filed responses to Castro's filing. *Id.*, Docs. 38-40. The motion to compel and the objections to the Magistrate Judge's report and recommendation in that ancillary action remain pending.

C.     The Third Amended Complaint

On October 18, 2023, Castro filed a Third Amended Verified Complaint (Doc. 28). This Court issued an order "striking and unfiling" that document. Doc. 29.

On October 19, 2023, Castro moved to amend his complaint and attached to his motion a proposed amended complaint that he variously called a "Third Amended Verified Complaint"(Doc. 30-1 at 2) or a "Second Amended Verified Complaint" (*id.* at 5). On November 6, 2023, Castro filed a "Corrected Motion For Leave To Amend Complaint." Doc. 31. He attached a new Third Amended Verified Complaint, Doc. 31-1, to the motion. The motion asserted that "Plaintiff is correcting the defendants in the case to capture Defendant Donald John Trump's principal campaign committee and other PACs, Super PACs, and committees he controls." Doc. 31 at 4. On November 7, this Court granted Castro's motion (Doc. 35), and Castro subsequently filed the Third Amended Verified Complaint ("TAC"). Doc. 36.[4] The TAC is the current pleading in this case.

In granting Castro's motion to amend, this Court stated: "Further, the Court reminds Plaintiff that service of summons must be complete by Wednesday, December 13, 2023. Any Defendant who has not been served by that date shall be dismissed from this case." Doc. 35. *See also* Doc. 22. Castro did not serve John Doe 1 by December 13, 2023, did not apprise the California Court of this deadline, and did not seek additional time to serve John Doe 1 (or any

---

[4]     Thus, although labeled the "Third Amended Verified Complaint," the TAC is at least the sixth distinct complaint or proposed complaint Castro has filed in this action, each of them different in identifying the defendants and who did what. Doc. Nos. 1 (four anonymous defendants), 16 (four anonymous defendants listed in the caption and first paragraph, allegations against only two of them in the body of the complaint, with allegations against Donald Trump and various entities also made in the body of the complaint), 17 (two anonymous defendants, plus Trump and various entities), 28 (same; labeled third amended complaint on page 1 and second amended complaint on page 4), 30-1 (only one anonymous defendant, John Doe 1, who is, for the first time, characterized as a "nominal defendant" against whom no relief is sought, along with Trump and the same entities; labeled third amended complaint on page 2 and second amended complaint on page 5), and 31-1 and 36 (similar, but with new entities, *see* Doc. 31 at 4 ("correcting the defendants")). *See also* R&R 8 n.3 (listing dropped defendants).

4

other unserved defendant) prior to December 13, 2023. In reply to Castro's response to the Order

to Show Cause by the California Court, John Doe 1 pointed out that the deadline to serve

defendants had passed. N.D. Cal. Action, Doc. 40, p. 1 (filed Dec. 21, 2023). Castro *still* did not

seek additional time to serve in this Court.

In the TAC, John Doe 2 – who in previous "verified" complaints, including the "first"

(stricken) Third Amended Verified Complaint (Doc. 28), was an "economic competitor" of

Castro who acted with Trump to pay John Doe 1 to defame him through the Trump entities, and

who fabricated a document purportedly from Florida (*e.g.*, FAC ¶¶ 12, 14, 16) – is dropped

altogether. Instead, it is now John Doe 1 who allegedly fabricated the Florida document, TAC

¶ 14, as well as writing the defamatory Wikipedia article for payment from Donald Trump

through his entities. Nonetheless, the TAC claims that John Doe 1 is a "nominal defendant"

against whom no relief is sought. TAC ¶ 11 & p. 10 (ad damnum) ¶¶ C, D. It alleges that John

Doe 1 is a resident of Washington State. TAC ¶ 11.

The TAC names Donald Trump as a defendant and also appears to name four allegedly

Trump-controlled entities as defendants: Donald J. Trump for President 2024, Inc.[5] ("DJT for

Pres., Inc."); Make America Great Again, Inc. ("MAGA Inc."); Make America Great Again PAC

("MAGA PAC"); and Trump Save America Joint Fundraising Committee ("Trump Joint

Committee").[6] It does not identify what type of entities these defendants are. TAC ¶¶ 6-9. For the

---

[5]     The caption on page 1 of the TAC uses this name. Paragraph 6 of the TAC omits the
"2024" from the name of the entity. John Doe 1 assumes that the TAC is referring to the same
entity.

[6]     These entities are enumerated in the caption on page 1 of the TAC (PageID 148) and in
paragraphs 6 through 9 of the TAC. There is another caption on page 4 of the TAC (PageID 151)
(continued...)

latter three, the TAC alleges that they are "headquartered" in Massachusetts (for MAGA Inc.) or Virginia (for MAGA PAC and Trump Joint Committee), and that they are not "residents" of Texas. *Id.* ¶¶ 7-9. No information of this kind (either headquarters or residency) is provided about DJT for Pres., Inc. *Id.* ¶ 6.

<u>The R&R and Castro's Objections</u>

The R&R concluded that the TAC and this action should be dismissed against John Doe 1 because (1) this Court lacks personal jurisdiction over John Doe 1 and (2) Castro has not served John Doe 1. R&R 8-9, 9 n.4, and 12. In concluding that this Court lacks personal jurisdiction over all the defendants, the R&R noted that, in the Fifth Circuit, where a claim for specific jurisdiction arises out of online activity, the Court should look to the "interactivity" of the website and that, even for interactive websites, the forum should be the focal point of the story. R&R 6-7. It concluded that the TAC does not allege any connections to Texas other than Castro's residency, that that connection by itself was insufficient to establish specific jurisdiction, and that the alleged defamatory statements were not aimed at Texas residents more than residents of other states. R&R 7.

Castro filed his objections on January 23, 2023. The primary focus of his objections is the R&R's recommendation that Castro be declared a vexatious litigant and be required to seek leave of court by motion before he is permitted to file any additional complaints in this district.

---

[6](...continued)
that lists only one of the four (MAGA Inc.), and lists two other entities that were referred to in the FAC, Save America PAC and Patriot Legal Defense Fund. *See also* R&R 8 n.3 (noting the ambiguity with respect to the Patriot League).

As to the recommendation that this Court lacks personal jurisdiction, the Objections rely heavily on what the Wikipedia article allegedly states, rather than on what the TAC alleges that John Doe 1 wrote. Objs. 20-21. As to the failure to serve, Castro does not dispute that he failed to timely serve John Doe 1, but simply asserts that there are "valid and legitimate reasons why [John Doe 1 and Donald Trump] have not yet been served." Objs. 21. He further states that he "will again motion [sic] for extended time to serve process." *Id.* He offers no reason why he did not move for additional time prior to the December 13, 2023 deadline.[7]

One striking aspect of Castro's objections appears to be his new-found humility. *Compare* Doc. 45 at 2 ("Of course, the Court will likely not sanction Defendant MAGA Inc., and this is the root of the disillusion Americans have with the federal judiciary. The ethical rules are never enforced. . . Our system is so irreversibly broken that it is no wonder people have lost faith in the system. Lying to the court is now simply accepted practice.") *with* Objs. 5 ("Plaintiff ultimately learned a hard legal lesson in personal jurisdiction and venue"; dismissed cases show that he did "not fully understand[] the limits of the Texas Long-Arm Statute."). Yet his continuing insistence that the allegations of the TAC give this Court personal jurisdiction over the defendants here suggest that the "hard legal lesson" has not been fully learned or internalized.

---

[7]     Although the R&R does not refer to service for defendants MAGA PAC, Trump Joint Committee, and DJT for Pres., Inc., there is nothing in the record to suggest that they have been properly served. Thus, even if the R&R were incorrect on the absence of personal jurisdiction over those defendants, dismissal of them would still be appropriate, thus raising the question of whether the entire action must be dismissed for failure to join necessary parties. Fed. R. Civ. P. 19.

Argument

This Court should adopt the portions of the R&R that recommend dismissal of this lawsuit against the defendants. (John Doe 1 takes no position on the R&R's recommendation regarding an order naming Castro as a vexatious litigant and requiring him to obtain Court permission before filing further actions in this Court.) Castro's objections with respect to the finding that this Court lacks personal jurisdiction over John Doe 1 rely on allegations outside the TAC (which, as noted, is Castro's sixth attempt at stating a claim) and fail to cite a single supporting authority. Objs. 19-20. Castro concedes that he has not served John Doe 1 and offers no excuse for his failure to seek additional time before this Court's deadline of December 13, 2023 or his failure to apprise the California Court of that deadline.

Finally, the TAC also fails to allege facts sufficient to support this Court's subject matter jurisdiction. It fails to identify any facts that would establish the citizenship of any defendant. Moreover, its attempt to circumvent the rule that anonymous defendants cannot be included in a case based on diversity jurisdiction is based on a misunderstanding of "nominal defendants."[8]

I.    THE R&R CORRECTLY DETERMINED THAT CASTRO HAS NOT SERVED JOHN DOE 1 AND, ACCORDINGLY, THE COMPLAINT AGAINST HIM SHOULD BE DISMISSED

Castro does not dispute that he has not served John Doe 1. He argues only that he has been unable to because the California Court has not addressed his motion to compel. Objs. 21.

---

[8]    This Court may consider subject matter jurisdiction and personal jurisdiction in any order. *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007). Moreover, since service of process is a prerequisite to personal jurisdiction, *Omni Capital Int'l v. Rudolph Wolff & Co.*, 484 U.S. 97, 104 (1987), that too may be decided before or after other jurisdictional issues.

Even if equitable arguments might otherwise have supported a further extension of the time to serve defendants, Castro is not entitled to such an extension because he has not himself acted with dispatch. He offers no reason why he did not move for an additional extension of time prior to the December 13 deadline. A motion seeking additional time to perform an act, filed after the relevant deadline, must demonstrate that the failure to act resulted from "excusable neglect," Fed. R. Civ. P. 6(b)(1)(b), and the failure to move prior to the deadline must also be explained. *Ferguson v. Cook County*, 2021 U.S. Dist. LEXIS 137158, *13 (N.D. Ill. July 22, 2021) ("In this case, Plaintiff's counsel fails to provide any reason, other than plain neglect, for failing to file a motion for extension of time to respond to the motions to dismiss before the deadline passed. Such 'plain neglect is not "excusable neglect" as Rule 6(b)(1)(B) requires.'") (quoting *Bowman v. Korte*, 962 F.3d 995, 998 (7th Cir. 2020)). Castro's scanty discussion of service fails to meet his burden.

II.   **THE R&R CORRECTLY DETERMINED THAT THIS COURT LACKS PERSONAL JURISDICTION OVER JOHN DOE 1 AND CASTRO'S OBJECTIONS FAIL TO SHOW OTHERWISE**

Castro does not contend that this Court has general personal jurisdiction over defendants, so the question of personal jurisdiction revolves solely on the existence of specific personal jurisdiction. As the discussion in the R&R demonstrates, specific personal jurisdiction requires more than that the plaintiff lives, and suffered harm, in the state. Rather, for this Court to have personal jurisdiction over the defendants in a defamation case, Texas must be the focal point of the defamatory comments. *E.g.*, *Clemens v. McNamee*, 615 F.3d 374, 380 (5th Cir. 2010) (holding that Court lacked personal jurisdiction over athletic trainer who allegedly defamed professional athlete by falsely claiming that he had injected professional athlete with

performance enhancing drugs in New York and Toronto; athlete lived in Texas, trainer had traveled to Texas thirty-five times to train athlete, athlete played for a team in Texas for three seasons, and statements were published in every major newspaper in Texas); *Block v. Barnes*, 2023 U.S. Dist. LEXIS 48268, at *11 (W.D. Tex. March 22, 2023) (recommending dismissal of defamation lawsuit based on comments concerning the parties' business relationship for lack of personal jurisdiction even though plaintiff was domiciled in Texas; "none of the statements appear to have been made in Texas, about Texas, or were specifically directed at Texas residents"), *adopted*, 2023 U.S. Dist. LEXIS 123248 (W.D. Tex. July 18, 2023); *Competitive Golf Advantage LLC v. Elite Golf Technologies*, 2022 U.S. Dist. LEXIS 121, at *11-12 (S.D. Tex. Jan. 3, 2022) (granting motion to dismiss defamation claim against individual defendants because of lack of personal jurisdiction; "But the fact that the [individual defendants'] statements might be accessed or accessible on the internet to persons residing in Texas also does not establish 'minimum contacts,' without additional allegations or evidence connecting those statements to Texas.").

The allegations in the TAC fail to establish specific jurisdiction over John Doe 1. It claims that the allegedly defamatory statements were that Castro was under federal indictment, that he was a "sleazy" tax attorney, and that he never served in the United States military. TAC ¶ 13. It does not allege that John Doe 1 said that Castro was under federal indictment in Texas or that  he was under indictment because of activity in Texas. Indeed, the TAC alleges that Castro is a "federal practitioner exempt from state bar licensing" and that various bars – Texas, D.C. and Florida – have "all acquiesced to [Castro] holding himself out to the public as an *International* Tax Attorney." TAC ¶ 15 (emphasis added). *See also* R&R 1 n.1. Thus, even

assuming that characterizing someone as a "sleazy" tax attorney is defamatory (*but see* N.D. Cal.

Action, Doc. 31 at 7 n.3 (stating that it is not)), the TAC does not allege facts demonstrating that

Castro has a Texas-focused practice or that the statements were aimed particularly at Texas

clients. And the TAC alleges that Castro's military service took place at a school now located in

New York. TAC ¶ 13.

Perhaps recognizing the inadequacy of the TAC's allegations, the Objections try to

deflect attention by making new allegations nowhere found in the TAC. Castro claims that John

Doe 1 has had accounts under names other than Chetsford, although he does not allege any

defamatory statements coming from those accounts (Objs. 19 n.10); he mentions how many

times the Wikipedia article mentions Texas, but does not claim that John Doe 1 made the edits

that make those references (Objs. 20); and, in the one new allegation that actually refers to John

Doe 1, he claims that John Doe 1 "suggested Plaintiff has [sic] not a Republican" because

(a) John Doe 1 said that "Castro raised 'money through ActBlue'" (although Castro also claims

that John Doe 1 later removed the statement and admitted an error), and (b) John Doe 1 placed

election results from Webb County in 2004 in the article (Objs. 20). Castro does not claim that

the posted 2004 election results were inaccurate. He also does not explain how they, or these

new allegations, or even the fact (apparently undisputed) that Castro ran as a Democrat in 2004,

would suggest that Castro is a Democrat now, much less explain why that would be defamatory.

More importantly, Castro has had numerous opportunities to amend his complaint, and

none of the things identified in the last paragraph are in the TAC. Nor does he ask to amend the

TAC to add these allegations. Castro should not be allowed to keep moving the target. This

Court should reject those parts of Castro's objections which rely on allegations outside the TAC

and adopt the R&R's conclusion that those allegations in the TAC do not support personal jurisdiction over John Doe 1.

III.    THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER THIS ACTION

In addition to the bases for dismissal in the R&R, the TAC can also be dismissed because it fails to allege facts demonstrating that this Court has subject matter jurisdiction. First, although the TAC relies on diversity jurisdiction, it does not adequately allege the citizenship of the parties. Second, diversity jurisdiction does not lie when an anonymous defendant is sued, and Castro's effort to circumvent that problem by disclaiming all relief against John Doe 1 and characterizing him as a "nominal defendant" fails.

A.    The TAC Fails To Support The Claim Of Diversity Jurisdiction

The TAC alleges that this Court has jurisdiction pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) because the controversy is between individuals that are citizens of different states. TAC ¶ 3. Jurisdiction under Section 1332 requires "complete" diversity: no defendant can be a citizen of any state in which any plaintiff is a citizen. It is the plaintiff's burden to show that the Court has subject matter jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001) ("The burden of establishing federal jurisdiction rests on the party seeking the federal forum. For diversity jurisdiction, the party asserting federal jurisdiction must distinctly and affirmatively allege the citizenship of the parties. Failure adequately to allege the basis for diversity jurisdiction mandates dismissal.") (cleaned up); *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975) (affirming dismissal of presidential candidate's lawsuit for lack of jurisdiction; "The burden is on a plaintiff to allege and invoke jurisdiction. . . When jurisdiction depends on citizenship, citizenship should be 'distinctly and affirmatively alleged.'"

(quoting 2A Moore's Federal Practice para. 8.10 at 1662)).

Castro alleges that he is an "individual whose place of residency is in Texas" and that John Doe 1 is "a resident of the state of Washington." TAC ¶¶ 4, 11.[9] At the outset, these allegations fail to allege sufficient facts to show jurisdiction, because diversity jurisdiction is dependent upon *citizenship*, which is based upon domicile, not residency. *E.g.*, *Preston v. Tenet Healthsystem Mem. Med. Ctr.*, 485 F.3d 793, 799 (5th Cir. 2007) and cases cited therein. Castro is well aware of this distinction between residency and citizenship because John Doe 1 pointed out this same flaw in both the original Complaint in this action and the FAC. N.D. Cal. Action, Doc. 3 at 11 (ECF page 16); Doc. 24, p. 8 (PageID 87). Castro has never bothered to rectify it.

Furthermore, as to the four entities, the TAC does not even identify what type of entities they are. (Only two of them are referred to with "Inc.") DJT for Pres., Inc. is called a "principal campaign committee," and the other three are called "political action committees." TAC ¶¶ 6-9. The citizenship of an unincorporated association or a limited liability company is determined in a much different fashion than the citizenship of a corporation. *Donegan v. Toro Co.*, 2022 U.S. Dist. LEXIS 216496, at *4 (W.D. Tex. Nov. 20, 2022). Without some allegation identifying the type of entity each defendant is, it is impossible to determine the citizenship of any of them.

Even assuming the entity defendants are corporations, the allegations would still be insufficient to establish diversity jurisdiction. Corporations are citizens of the state where their principal places of businesses are, and every state in which they have been incorporated. 28

---

[9]     The TAC does not explain how it can allege the residency of someone whose identity Castro does not know.  *See Blossoms & Blooms, Inc. v. Doe*, 2022 U.S. Dist. LEXIS 136226, at *4 n.1 (E.D. Pa. July 29, 2022) ("The Court finds it curious that Plaintiffs appear to have sufficient information to allege [defendant]  lives outside of the Commonwealth of Pennsylvania but claim they are unable to determine [defendant's] true identity.").

U.S.C. § 1332(c)(1). The principal place of business of a corporation is where the corporation's "nerve center" is, often – but not always – where its headquarters is located. *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010).

The TAC alleges that three of the entity defendants have their headquarters in states other than Texas, but says nothing at all about DJT for Pres., Inc.[10] TAC ¶¶ 6-9. Even assuming that these allegations were sufficient to allege where three of the entities' "principal places of business" are, the TAC says nothing about their states of incorporation (if they are corporations), and thus the states that they would be considered citizens of for diversity purposes under Section 1332. *McGovern*, 511 F.2d at 654 ("There is nothing in plaintiff's complaint to negate the conclusion, for example, that these companies are also incorporated in South Dakota, incorporation in more than one state being a viable possibility"). The TAC also states that three of the four entities are not "residents" of Texas. TAC ¶¶ 7-9. Aside from the fact that the TAC never explains what a "residence" of an entity might be at all, this is insufficient to allege that the entity defendants are not *citizens* of Texas. Accordingly, the TAC does not allege facts sufficient to invoke this Court's diversity jurisdiction.

B.    Anonymous Defendants Are Inconsistent With Diversity Jurisdiction

Aside from these pleading flaws, the TAC fails because it tries to sue an anonymous defendant (John Doe 1) in a diversity jurisdiction lawsuit. But because their citizenship cannot be ascertained, the general rule is that anonymous defendants cannot be sued in federal court

---

[10]    The R&R states that DJT for Pres., Inc. is headquartered in Virginia by taking judicial notice of an FEC form. R&R 9 n.5. Even assuming that one could take judicial notice of the *contents* of a form for the truth of the matters stated therein, the form itself says nothing about a headquarters. It only provides a post office box in Virginia as an address.

14

where jurisdiction is alleged to be based on the diversity of the parties. *E.g.*, *Sinclair v. TubeSockTedD*, 596 F. Supp. 2d 128, 132-33 (D.D.C. 2009) (holding that the Court lacked subject matter jurisdiction in case alleging defamation and reckless misrepresentation against three anonymous defendants and rejecting plaintiff's argument that discovery will establish that defendants are citizens of other states; "The law is clear . . . that a diversity action cannot be brought against Doe defendants in hopes of later discovering that the requisite diversity of citizenship actually exists."); *Sandoval v. Doe*, 591 F. Supp. 3d 7, 11 (E.D.N.C. 2022) (quoting *Sinclair*); *Vogel v. Go Daddy Group, Inc.*, 266 F. Supp. 3d 234, 238 (D.D.C. 2017) ("A suit invoking a federal court's diversity jurisdiction cannot be brought solely against Doe defendants because their place of citizenship is not known"); *Kilgore v. Providence Place Mall*, 2016 U.S. Dist LEXIS 71315, at *6 (D.R.I. April 1, 2016) (rejecting diversity jurisdiction where defendant is unknown).

In *Stephens v. Halliburton Co.*, 2003 U.S. Dist LEXIS 15739, at *20 (N.D. Tex. Sept. 5, 2003), this Court suggested the existence of an exception to the general rule in cases where a John Doe party is a "nominal defendant," although it found any such exception inapplicable. *Id.* at *18 (holding that court lacked subject matter jurisdiction and that allegation "on information and belief" that the "John Doe defendants are not domiciled in any state as any Plaintiff . . . are simply insufficient to establish diversity of citizenship.  This is nothing more than an attempt to establish diversity jurisdiction by default . . ."). Castro apparently wishes to invoke this possible exception. The TAC claims that "no relief is sought against Defendant John Doe 1" and that he is thus a "nominal defendant." TAC ¶ 11.

Assuming the exception exists, it is inapplicable here. John Doe 1 is not a "nominal

15

defendant," and the TAC cannot make him one just by saying so. To the contrary, he is a necessary party even though no relief is being sought against him.

The phrase "nominal defendant" invokes what the Fifth Circuit has called an "obscure common law concept." *Janvey v. Adams*, 588 F.3d 831, 834 (5th Cir. 2009). A brief examination shows that Castro is misusing that concept.

To characterize a defendant as a "nominal defendant," also known as a "relief defendant," the plaintiff must allege and show two things. First, that the person has received ill-gotten gains that are the subject of the lawsuit. Second, that the person does not have a legitimate claim to those funds. *Id.* The concept is most often employed in SEC or FTC cases, where the "nominal defendant is a 'trustee, agent, or depository'" of ill-gotten funds. *Flores v. Koster*, 2013 U.S. Dist. LEXIS 26439, at *9 (N.D. Tex. Jan. 22, 2013). The plaintiff bears the burden of demonstrating that a named defendant is a "nominal" or "relief" defendant. *Id*

Here, the TAC fails to allege facts that would support characterizing John Doe 1 as a nominal defendant. First, it does not identify any specific funds that are the subject matter of the litigation. *Id.* at *8 ("It is proper to resort to the nominal defendant mechanism when the defendant holds the subject matter of the litigation in a subordinate or possessory capacity as to which there is no dispute.") (cleaned up). Castro is not seeking the return of any specific funds, but rather $180,000,000 in damages. Second, the TAC alleges no facts to suggest that either Trump or the Trump entities that purportedly paid John Doe 1 to write the Wikipedia article obtained those funds illicitly. *Cf. Janvey*, 588 F.3d at 834 (holding that the first requirement was met because the investors named as "nominal defendants" received CDs that were the proceeds of defendant bank's fraudulent scheme). Third, it alleges that the Trump entities paid John Doe 1

16

for a specific purpose, to write the Wikipedia article. Accordingly, if it were true that John Doe 1 was paid for writing the Wikipedia article, he would have a legitimate ownership interest in whatever money he received. *Id.* at 834-35 (holding that the investors were not "nominal defendants" because they "received the CD proceeds pursuant to written certificate of deposit agreements with the [bank], which granted them certain rights and obligations.").

Further, necessary parties under Fed. R. Civ. P. 19 are automatically disqualified as "nominal parties." *Flores v. Koster*, 2013 U.S. Dist. LEXIS 26439 , at *11. This, as well, precludes the TAC's attempt to characterize John Doe 1 as a "nominal defendant." For example, in *James v. Lockheed Martin Corp.*, 2005 U.S. Dist. LEXIS 63123 (N.D.N.Y. July 26, 2005), a plaintiff sued his former employer and the employer's parent company (Lockheed Martin Corp.) for defamation. After being informed that the employer was a New York citizen, which would undermine complete diversity, the plaintiff filed an amended complaint that dropped his employer but used the same factual basis for the defamation claim as asserted in the original complaint. *Id.* at *1-*2. The court dismissed the action for failure to join a necessary party and for lack of subject matter jurisdiction because the non-diverse subsidiary was the entity that wrote the termination letter that actually contained the allegedly defamatory information. *Id.* at *7-*8 (subsidiary's "principal role in this dispute is such that its presence is critical to the disposition of the defamation allegations. . . [Subsidiary] will have intimate knowledge of the circumstances surrounding the defamatory statements and the incidents themselves."). Moreover, "a judgment rendered against [Lockheed Martin] in [subsidiary's] absence would greatly prejudice [subsidiary] because it could impair the subsidiary's ability to defend itself against subsequent lawsuits." *Id.* at *8. *See also Document Security Systems, Inc. v. Adler Technologies,*

17

*Inc.*, 2008 U.S. Dist LEXIS 15744, at *24 n.10 (W.D.N.Y. Feb. 29, 2008) ("the individual allegedly involved in the defamatory statements is a necessary party").

If there were any doubt that John Doe 1 is not a "nominal defendant," the Objections themselves make this clear. Objs. 20-21 ("Defendant Chetsford knew exactly what he was doing. . . [He made] malicious and defamatory statements . . . "). These allegations do not describe the actions of a defendant only acting in a subordinate or possessory capacity as to which there is no dispute.

John Doe 1's position in this lawsuit is very similar to the subsidiary's position in *James*. Castro has decided to make John Doe 1 a "nominal defendant" for the same reason the subsidiary was dropped in the amended complaint in *James*: to retain subject matter jurisdiction. For similar reasons, John Doe 1 is a necessary party to the defamation claim and, accordingly, cannot be a "nominal defendant." And because John Doe defendants cannot be defendants in a federal lawsuit dependent upon diversity jurisdiction, this Court lacks subject matter jurisdiction over this lawsuit.

<u>Conclusion</u>

For the foregoing reasons, this Court should adopt and affirm the R&R to the extent that the R&R recommended that this Court dismiss the TAC against John Doe 1, and dismiss this lawsuit as against John Doe 1.

Respectfully submitted,

*/s/ Michael E. Rosman*
Michael E. Rosman

18

(admitted pro hac vice)
Center for Individual Rights
1100 Connecticut Ave., Suite 625
Washington, D.C. 20036
telephone: (202) 833-8400
fax: (202) 833-8410
rosman@cir-usa.org

Anne Marie Mackin
Texas Bar No. 24078898
The Gober Group
14425 Falcon Head Blvd.
Building E-100, Suite 226
Austin TX 78738
Telephone: (512) 354-1785
Fax: (877) 437-5755
amackin@gobergroup.com

Attorneys for John Doe 1 (Chetsford)

19