**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| J.A. CASTRO | ) | |
| Plaintiffs, | ) | |
| | ) | |
| *v.* | ) | Case No. 4:23-cv-613-P |
| | ) | |
| DONALD JOHN TRUMP, DONALD J. | ) | |
| TRUMP FOR PRESIDENT 2024, INC., | ) | Jury Trial Demanded |
| MAKE AMERICA GREAT AGAIN INC., | ) | |
| MAKE AMERICA GREAT AGAIN PAC, | ) | |
| TRUMP SAVE AMERICA JOINT | ) | |
| FUNDRAISING COMMITTEE *and* JOHN | ) | |
| DOE 1 (*a.k.a.* "CHETSFORD"), | ) | |
| | ) | |
| Defendants. | ) | |

**VERIFIED REPLY TO**
**MAKE AMERICA GREAT AGAIN INC.'S RESPONSE TO**
**PLAINTIFF'S VERIFIED OBJECTIONS TO U.S. MAGISTRATE'S FINDINGS,**
**CONCLUSIONS, AND RECOMMENDATIONS**

Plaintiff, J.A. CASTRO (herein "Plaintiff), *pro se*, respectfully files this *Verified Reply to Make America Great Again Inc.'s Response to Plaintiff's Verified Objection to the U.S. Magistrate's Findings, Conclusions, and Recommendations*.  Verified statements are as evidentiarily good as affidavits and become part of the evidentiary record.

Plaintiff is a *pro se* litigant whose pleadings are required to be liberally construed under both Fifth Circuit and U.S. Supreme Court binding precedent.  Plaintiff adequately asserted that this Court had general and specific jurisdiction in prior filings as well as the initial objection to the Magistrate's recommendations.

**I. PERSONAL JURISDICTION**

In its response, Make America Great Again, Inc. (MAGA Inc.) cites only two grounds for its proposition that the court lacks jurisdiction.

1

## A. GENERAL JURISDICTION

First, MAGA Inc. insisted that the Court lacks general jurisdiction because MAGA Inc. is not headquartered or doing business in Texas, which invited additional scrutiny of this assertion.

Reports from the Federal Election Commission suggest otherwise.[1]  For example, on April 10, 2023, MAGA Inc. paid $10,000.00 to Solutions for Texas in Fundraising LLC, which is a fundraising consulting firm.  On March 27, 2023, MAGA Inc. engaged the legal services of Homles Firm PC for legal consulting with regard to Texas law.  Between January 1, 2023, and June 30, 2023, MAGA Inc. raised $300,000 from Texas contributors.  During that period, Texas ranked the 5th highest state from which MAGA Inc. raised the most funds and it raised more in Texas than 45 other states.  Between September 23, 2023, and December 31, 2023, MAGA Inc. raised $450,000.00 from Texas putting our state at the 6th highest state from which MAGA Inc. raised the most funds and it raised more from Texas than 44 other states.

The fact that MAGA Inc. engaged a Texas fundraising consulting firm and then Texas ended up being in the Top 6 states from which MAGA Inc. raised its funds evidences a very intentional targeting of the state giving rise to either presence in Texas for general jurisdiction or Texas-targeted activities for specific jurisdiction.

## B. SPECIFIC JURISDICTION

Second, MAGA Inc. insisted that the Court lacks specific jurisdiction because MAGA Inc. has not purposefully directed activities at residents in Texas.

The U.S. Court of Appeals for the Fifth Circuit succinctly held: "In the context of defamation actions, personal-jurisdiction law is explained in the Supreme Court's decision in *Calder v. Jones*.[2]  The Fifth Circuit went on to explain that the Supreme "Court concluded that

---

[1] https://www.fec.gov/data/committee/C00825851/?tab=raising&cycle=2024
[2] *Herman v. Cataphora, Inc*., 730 F.3d 460, 464 (5th Cir. 2013) (citing 465 U.S. 783 (1984)).

jurisdiction was proper in California because the story, 'drawn from California sources,' centered around 'the California activities of a California resident' whose career was based in California; therefore, 'the brunt of the harm, in terms both of respondent's emotional distress and the injury to her professional reputation, was suffered in California.' Because California was the 'focal point' of both the article itself and the harm suffered, even though the actual conduct of writing and researching the article took place in Florida, jurisdiction rested with the California court."[3]

In this case, the analogy to the Fifth Circuit's *Herman* decision could not possibly be more on-point.  Defendant cited multiple sources from the Laredo Morning Times; the Texas town where Plaintiff once resided.  As such, Defendant John Doe's malicious fabrications were "drawn from [Texas] sources."[4]  Moreover, Defendant John Doe claimed that Plaintiff, who received a Congressional nomination from former Texas Republican Congressman Henry Bonilla to attend the United States Military Academy at West Point was untrue.  As such, that malicious accusation pertained to a Texas activity because it baseless and maliciously refuted the truth of a Texas activity.  The other malicious accusations centered on Plaintiff's Texas activities as a tax professional.

In conclusion, the accusations "centered around the [Texas] activities of a [Texas] resident whose career was based in [Texas]."[5]  Moreover, "the brunt of the harm, in terms both of [Plaintiff's] emotional distress and the injury to [his] professional reputation, was suffered in [Texas]. Because [Texas] was the focal point of both the article itself and the harm suffered, even though the actual conduct of writing and researching the article took place in [another state], jurisdiction rested with the [Texas] court."[6]

---

[3] *Id*. at 465.
[4] *Id*.
[5] *Id*.
[6] *Id*.

This case is not only analogous to the binding Fifth Circuit case of *Herman*, this Court can literally fill-in the blanks of the Fifth Circuit's *Herman* decision to reach the same conclusion.

## REQUESTED RELIEF

Based on the foregoing, Plaintiff requests this Court to conclude it has both general and specific personal jurisdiction.

Dated: January 31, 2024.                     Respectfully submitted,

                                             By: /s/ *John Anthony Castro*
                                             John Anthony Castro
                                             12 Park Place
                                             Mansfield, TX  76063
                                             (202) 594 – 4344
                                             J.Castro@JohnCastro.com
                                             **Plaintiff** *Pro Se*

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I John Anthony Castro, verify under penalty of perjury, that the all of the statements of fact and law herein are true and correct.

Executed on January 31, 2024.
                                             /s/ John Anthony Castro
                                             John Anthony Castro

## CERTIFICATE OF SERVICE

On January 31, 2024, I submitted the foregoing document with the Clerk of this Court either by mail, email, or CM/ECF.  It is further certified that all other parties are registered CM/ECF users and will be served via that system.

                                             */s/ John Anthony Castro*
                                             John Anthony Castro