IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| J.A. CASTRO,  Plaintiff, | § § § | |
| VS. | § § | Case No. 4:23-cv-00613-P-BJ |
| JOHN DOE 1 (a.k.a. "CHETSFORD"), *et al.*  Defendants, | § § § | |

**BRIEF IN SUPPORT OF MOTION FOR SANCTIONS BY DEFENDANT
JOHN DOE 1 ("Chetsford")**

Anne Marie Mackin
Texas Bar No. 24078898
The Gober Group
14425 Falcon Head Blvd.
Building E-100, Suite 226
Austin TX 78738
telephone: (512) 354-1785
fax: (877) 437-5755
amackin@gobergroup.com

Michael E. Rosman
Admitted pro hac vice
Center for Individual Rights
1100 Connecticut Ave., Suite 625
Washington, D.C. 20036
telephone: (202) 833-8400
fax: (202) 833-8410
rosman@cir-usa.org

John Doe 1, aka Chetsford, submits this brief in support of his motion, pursuant to Fed. R. Civ. P. 11, for an appropriate sanction against Plaintiff J.A. Castro for allegations made in his Third Amended Complaint.

Background

The Third Amended Verified Complaint (Doc. 36, "TAC") in this action alleges defamation against Donald J. Trump ("Trump"), and various entities that the TAC claims are controlled by Trump. TAC ¶¶ 6-10. Although labelled the "Third Amended Verified Complaint," the TAC is at least the sixth distinct complaint Castro has filed in this action, each of them different in identifying the defendants and who purportedly did what. Doc. Nos. 1 (four anonymous defendants), 16 (four anonymous defendants listed in the caption and first paragraph, allegations against only two of them in the body of the complaint, with allegations against Donald Trump and various entities also made in the body of the complaint), 17 (two anonymous defendants, plus Trump and various entities), 28 (same; labeled third amended complaint on page 1 and second amended complaint on page 4), 30-1 (only one anonymous defendant, John Doe 1, who is, for the first time, characterized as a "nominal defendant" against whom no relief is sought, along with Trump and the same entities; labeled third amended complaint on page 2 and second amended complaint on page 5), and 31-1 and 36 (similar, but with new entities, *see* Doc. 31 at 4 ("correcting the defendants")).

This motion concerns three allegations in the TAC and Castro's motivation for bringing the lawsuit. The three allegations: First, that Trump, through various entities, paid Chetsford to write a defamatory article in Wikipedia (the "Payment Allegation"). TAC ¶ 12. Second, that

1

Chetsford "fabricated" a document from the Florida Bar (the "Fabrication Allegation"). *Id.* ¶ 14. Third, that "[p]laintiff has only received minimal public attention from a few obscure media outlets" (the "Obscure Media Allegation"). *Id.* ¶ 24. Castro has never suggested what his "reasonable basis" is for the first two allegations, and those allegations are contrary to fact. The third is contradicted by facts Castro has asserted in other lawsuits. Moreover, the absence of any basis for supporting these allegations, as well as Castro's own admission that this is about his competition with Donald Trump, suggest an improper motive for bringing this lawsuit.

<u>Argument</u>

In relevant part, Rule 11(b) states:

> By presenting to the court a pleading, written motion, or other paper — whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; [and]. . .
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. . .

Thus, Castro, an self-represented party, is subject to Rule 11 when he "presents" a paper.[1]

---

[1] Rule 11, by its terms, does not apply different standards to *pro se* litigants. In any event, because Castro graduated from law school (TAC ¶ 15), he is not entitled to the special latitude afforded *pro se* litigants in interpreting allegations. *E.g.*, *Tan v. Doe*, 2014 U.S. Dist LEXIS 61972, at *2 n.1 (S.D.N.Y. May 1, 2014). *See also* Appellant's Opening Brief filed July 14, 2023 in *Castro v. Trump*, Eleventh Circuit Appeal No. 23-12111 at i (Castro representing that he is "skilled in the art of respectful and intellectual oratory argumentation."). Morever, the

(continued...)

2

He plainly presented the TAC by filing it. Accordingly, he has "certified" that the factual contentions therein have "evidentiary support."[2]

But they do not. The Payment Allegation is false because neither Trump nor his entities (nor anyone else) paid Chetsford to write anything in Wikipedia about Castro. APP3 (Chetsford Statement ¶ 2). If Castro has any evidentiary support for this allegation, he has not identified it.

As to the Fabrication Allegation, Chetsford has not fabricated any document from Florida. APP3 (Chetsford Statement ¶ 3). It also deserves mention that the first four versions of Castro's complaint alleged that *someone else* (*viz.*, John Doe 2) fabricated the document from the Florida bar. Doc. No. 1 ¶ 12; Doc. No. 16, ¶ 14; Doc. No. 17, ¶ 13; Doc. No. 28, ¶ 13. It is only after this Court struck the last of these pleadings (because Castro had not moved for an order permitting him to file it), Doc. No. 29, that Castro dropped John Doe 2 as a defendant and changed the perpetrator in the Fabrication Allegation to Chetsford (John Doe 1). If Castro has any evidentiary support for his claim that Chetsford "fabricated" any document from Florida, he has not identified it. *E.g.*, *Skidmore Energy, Inc. v. KPMG*, 455 F.3d 564, 568 (5th Cir. 2006) (affirming sanctions in excess of $500,000 against plaintiff where corporate owner could not articulate any factual nexus between various sensational allegations like money laundering and defendants).

---

[1](...continued)
allegations involved here are clear and require no interpretation.

[2]    Castro did not "specifically identify" the allegations in the TAC at issue on this motion as requiring discovery for evidentiary support. Fed. R. Civ. P. 11(b)(3). Even if he had, such specification does not authorize a litigant to make wholly unsupported assertions. Rule 11, Advisory Committee Notes to the 1993 Amendments (specifically noting that the tolerance of factual contentions identified as made on information and belief "is not a license to join parties, make claims, or present defenses without any factual basis or justification.").

The Obscure Media Allegation is contradicted by a set of facts that Castro stipulated to in *Castro v. Scanlan*, D.N.H. Case No. 1:23-cv-00416 less than a month before he filed the TAC. There, he said that his

> status as a longshot Republican Presidential candidate has been covered by every major national media news outlet, including, but not limited to, the Associated Press, Reuters, NBC, ABC, CBS, CNN, Fox News, Politico, The Hill, The Washington Post, News [sic], the New York Times, the New York Post, Forbes, Bloomberg News, the Boston Globe, the New York Sun, and the Washington Times, the Daily Caller, among others.

APP7-8, Rosman St. Ex. 1, ¶ 4 (*Castro v. Scanlan*, Doc. 53 (filed Oct. 18, 2023)). *See also* APP9 ¶ 15 ("Plaintiff has managed to garner global news coverage with every major news network . . .").

The absence of any evidentiary support for allegations – and in the case of the Obscure Media Allegation, its inconsistency with other Castro statements – also suggest an improper motive: Castro is hoping to get information on Donald Trump that will assist him in his campaign. *See Castro v. John Doe No. 1, et al.*, N.D. Cal. 3:23-cv-80198 ("ND Cal. Misc. Action"), Doc. 38 at 2 ("Plaintiff wishes to secure Defendant Chetsford's cooperation against the Trump Defendants in the Texas case."); *id.*, Doc. 8-4 at 5 ("my goal is to get Chetsford to agree to testify against the Trump campaign that I know paid him to do this."). Thus, it seems reasonable to conclude that Castro fabricated a set of allegations about how Trump and his entities were behind a Wikipedia article about Castro on the outside chance that he could find some dirt on Trump – or just harass him (or Chetsford).

Rule 11(c)(1) calls for an "appropriate" sanction. *See also* Rule 11(c)(2) (sanctions may include "[i]f warranted" an award of reasonable expenses, including attorney's fees, to the party

4

prevailing on the motion); Rule 11(c)(4) (sanctions "must be limited to what suffices to deter repetition of the conduct"). In this regard, this Court may take into account Castro's rather unusual litigation style, which has already caught the attention of several federal judges. *See, e.g.*, *Castro v. Oliver*, Slip op. dated Oct. 18, 2023, D.N.M. Case No. 1:23-cv-00766-MLG-GJF, at 3 ("Having put this legal matter to rest, the Court concludes by noting that Castro's filing employs a tenor unfamiliar to this Judge and one that is out of step with practice in this district. The Court cautions Castro and requests that any future filings comport with decorum and the respect practitioners typically afford federal judges."); *Castro v. Warner*, 2023 U.S. Dist. LEXIS 195186 at *6-*7 (S.D.W.V. Oct. 31, 2023) (Castro's filings "contain numerous examples of clearly inappropriate attacks . . . [D]erisive commentary is of little value to the Court in resolving motions"); *id.* at *7 n.4 (listing examples and noting that "[t]his list is not exhaustive").

Moreover, Castro is quite litigious, to the point where the Magistrate Judge in this case has recommended that he be declared a vexatious litigant. *See* Doc. 47 at 10-11. Plaintiff claims that he learned a hard legal lesson about the limits of the Texas Long-Arm Statute from his previous lawsuits, Doc. 49 at 5, but he reiterates very similar arguments to this Court. An award should be made that makes clear that the federal courts are not places to test out his speculative, wholly unfounded theories. Here, that would be the reasonable fees and costs of defending John Doe 1 in this Court and the Northern District of California.

## Conclusion

For the foregoing reasons, the motion for sanctions should be granted.

Respectfully submitted,

5

/s/ *Michael E. Rosman*
Michael E. Rosman
(admitted pro hac vice)
Center for Individual Rights
1100 Connecticut Ave., Suite 625
Washington, D.C. 20036
telephone: (202) 833-8400
fax: (202) 833-8410
rosman@cir-usa.org

Anne Marie Mackin
Texas Bar No. 24078898
The Gober Group
14425 Falcon Head Blvd.
Building E-100, Suite 226
Austin TX 78738
Telephone: (512) 354-1785
Fax: (877) 437-5755
amackin@gobergroup.com

Attorneys for John Doe 1 (Chetsford)

6