
IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| J.A. CASTRO, | § | |
|     Plaintiff, | § | |
| | § | |
| VS. | § | Case No. 4:23-cv-00613-P-BJ |
| | § | |
| JOHN DOE 1 (a.k.a. "CHETSFORD"), *et al.* | § | |
|     Defendants, | § | |

BRIEF IN FURTHER SUPPORT OF MOTION FOR SANCTIONS BY DEFENDANT
JOHN DOE 1 ("Chetsford") AND IN OPPOSITION TO PLAINTIFF'S
CROSS-MOTION FOR SANCTIONS

Anne Marie Mackin
Texas Bar No. 24078898
The Gober Group
14425 Falcon Head Blvd.
Building E-100, Suite 226
Austin TX 78738
telephone: (512) 354-1785
fax: (877) 437-5755
amackin@gobergroup.com

Michael E. Rosman
Admitted pro hac vice
Center for Individual Rights
1100 Connecticut Ave., Suite 625
Washington, D.C. 20036
telephone: (202) 833-8400
fax: (202) 833-8410
rosman@cir-usa.org

John Doe 1, aka Chetsford, respectfully submits this short reply brief (1) in further support of his motion, pursuant to Fed. R. Civ. P. 11, for an appropriate sanction against Plaintiff J.A. Castro for allegations made in his Third Amended Verified Complaint (Doc. 36, "TAC") and (2) in opposition to Castro's cross-motion (Doc. 58, "Cross-Mot.") for sanctions.

1.  Castro's cross-motion fails to comply with Local Rule 7.1(h), which requires a separate brief on a motion for sanctions.

2.  John Doe 1's moving papers identified three separate factual claims in the TAC for which Castro lacks evidentiary support: the "Payment Allegation" (that defendant Trump, through various entities, paid Chetsford to write a defamatory article in Wikipedia, TAC ¶ 12); the "Fabrication Allegation" (that Chetsford "fabricated" a document from the Florida Bar, *id.* ¶ 14); and the "Obscure Media Allegation" (that "[p]laintiff has only received minimal public attention from a few obscure media outlets," *id.* ¶ 24). Castro's response says nothing at all about the second or third allegation. He thus implicitly concedes that he has no factual basis for them.

3.  Indeed, with respect to the Fabrication Allegation, Castro does not even identify the document that John Doe 1 purportedly fabricated. As to the Obscure Media Allegation, he says nothing at all about the fact that his stipulation in another lawsuit completely undermines that allegation. Doc. 56, p. 4 (PageID 286); Doc. 57, APP7-9 (¶¶ 4, 15).

4.  With respect to the Payment Allegation, Castro only quotes a part of the 1993 Advisory Committee Notes about an opportunity for further investigation or discovery for certain allegations. Cross-Mot. 3 (¶ 9). What he neglects to mention is that the Committee Notes were there referring to allegations that are *specifically identified* as requiring that opportunity. Fed. R. Civ. P. 11(b)(3) ("if specifically so identified"). As John Doe 1 noted in his moving

1

papers (Doc. 55 at 3 n.2) – and as Castro does not (and cannot) refute – Castro did not specifically identify the Payment Allegation (or any other allegation) as one that required an opportunity for further investigation or discovery before a reasonable basis could be demonstrated.

5.  In any event, even specifically identified allegations must have some plausible basis, and Castro has none. Indeed, he appears to be making up more facts. Castro claims he had a plausible basis for the Payment Allegation because "[t]he moment Plaintiff sued Trump in Florida in early 2022, Defendant John Doe created a Wikipedia page and immediately began maliciously defaming Plaintiff." Cross-Mot. 2 (¶ 7). Castro provides no evidence based on personal knowledge as to when John Doe 1 created a Wikipedia page. Moreover, court records demonstrate that Castro sued Trump in Florida *in January 2023*, not "early 2022." *See Castro v. Trump*, S.D. Fla. No. 9:23-cv-80015, Doc. 1 (filed Jan. 6, 2023).[1]

6.  Castro claims that pressuring John Doe 1 to testify against Trump is not an improper purpose to file a lawsuit. Cross-Mot. 2 (¶¶ 4-5). Fabricating facts to create that pressure is improper because it strongly suggests that Castro wants John Doe 1 to testify falsely. And, regardless of the motivation for fabricating factual allegations, doing so violates Rule 11.

7.  Finally, Castro claims that John Doe 1's moving statement is not "legally sufficient to refute Plaintiff's allegations in the complaint" because it was not "verified pursuant to 28 U.S.C. § 1746." It is not clear what Castro means by this because the sentences at the end of John Doe 1's statement track the language in the statute (28 U.S.C. § 1746(2)). Obviously,

---

[1] As to his contention that the attorneys for John Doe 1 are "Republican-aligned," Castro again provides no evidence and no basis for personal knowledge that would render his assertions admissible.

John Doe 1 has a First Amendment right to his anonymity, and accordingly, the filed statement is redacted (with a statement from his attorney that a fully-executed statement is in his possession). In any event, it is *Castro* who made the representation set forth in Rule 11(b) (that the factual contentions have evidentiary support) for each of the three allegations at issue by filing the TAC, and continuing to assert the allegations therein, and thus *he* must show that he had and has a reasonable basis for the same.

<p align="center">Conclusion</p>

For the foregoing reasons, and those set forth in the moving papers, the motion for sanctions should be granted and Castro's cross-motion denied.

Respectfully submitted,

*/s/ Michael E. Rosman*
Michael E. Rosman
(admitted pro hac vice)
Center for Individual Rights
1100 Connecticut Ave., Suite 625
Washington, D.C. 20036
telephone: (202) 833-8400
fax: (202) 833-8410
rosman@cir-usa.org

Anne Marie Mackin
Texas Bar No. 24078898
The Gober Group
14425 Falcon Head Blvd.
Building E-100, Suite 226
Austin TX 78738
Telephone: (512) 354-1785
Fax: (877) 437-5755
amackin@gobergroup.com

Attorneys for John Doe 1 (Chetsford)