IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
Fort Worth Division

J.A. CASTRO,

    *Plaintiff,*

v.

JOHN DOE 1 et al.

    *Defendants.*

Civil Case No. 4:23-cv-00613-P-BJ

MAKE AMERICA GREAT AGAIN INC.'S
MEMORANDUM IN SUPPORT OF ITS MOTION FOR SANCTIONS
<u>PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 11</u>

Plaintiff, a serial *pro se* litigant whose cases this Court has repeatedly dismissed or otherwise found were improperly brought, has filed a claim without plausible factual support in violation of Rule 11 of the Federal Rules of Civil Procedure. *See* Dkt. No. 44.1 at 1–2. This lawsuit should never have been brought for a variety of reasons, primarily because it is baseless and frivolous. Mr. Castro did not, and cannot, adequately support his allegations; rather, his allegations consist of conclusory statements with no factual foundation. Even the statements he claims to be defamatory—which are not plausibly attributed to Make America Great Again Inc.—appear to be substantially true based on publicly available information. On top of all that, Mr. Castro fails to establish any jurisdiction for this suit, which has cost Make America Great Again Inc. substantial fees to defend.

Mr. Castro further violated Rule 11 by baselessly and wantonly attacking the integrity of undersigned counsel by accusing counsel of lying to the Court. Indeed, the

Court felt compelled to directly address this issue and determined that undersigned counsel did *not* mislead the Court.

Finally, as noted by the Court in its recommendation on the Motions to Dismiss, Mr. Castro's status as a *pro se* litigant does not necessarily protect him from Rule 11 sanctions, especially where Mr. Castro makes it clear that he has legal education, holds himself out as practicing federal law, and has filed numerous lawsuits. Moreover, Mr. Castro brought this action with no jurisdictional basis whatsoever, despite claiming to have learned his lesson about personal jurisdiction from previously dismissed cases. Therefore, Defendant respectfully requests that this Court sanction Mr. Castro.

## BACKGROUND

Mr. Castro filed this lawsuit on June 16, 2023, alleging that Defendant Make America Great Again Inc. ("MAGA Inc.") conspired with President Trump and other Defendants to publish "immensely damaging and defamatory statements" on his Wikipedia page. Plaintiff's Third Amended Complaint ("TAC"), Dkt. No. 1, at 1, 3–5. He claimed that Defendants posted three "verifiably false" statements on his Wikipedia page: (1) he is a sleazy tax attorney; (2) he did not serve in the military; and (3) he is under federal indictment. *Id.* at 3. Mr. Castro then alleged Defendants' defamatory attack was motivated by their desire to retaliate against him for his suits against President Trump challenging "[President Trump's] eligibility to hold public office in the United States for violating Section 3 of the 14th Amendment . . . when he provided aid and comfort to the insurrectionists . . . on January 6, 2021." *Id.* at 4.

MAGA Inc. was not originally identified as a defendant. *Id.* Plaintiff has since amended his complaint multiple times, and, in the TAC, he erroneously added MAGA Inc. with no evidence of wrongdoing and without explaining how this Court had jurisdiction over it. Plaintiff's TAC made no effort to establish the proper jurisdiction of this Court. This is a fatal flaw, which is common to Plaintiff's other cases and should have been apparent to Plaintiff before filing this case due to that previous experience. Dkt. No. 47 at 10–12 (discussing Plaintiff's prior cases that lacked personal jurisdiction and/or proper venue); Dkt. No. 49 at 5 (claiming Plaintiff learned a lesson about personal jurisdiction and venue from these prior cases).

Moreover, Mr. Castro's TAC made the conclusory allegation, without a trace of factual support, that MAGA Inc. is the party that paid John Doe 1 to alter his Wikipedia page. TAC ¶ 12. Plaintiff did not even cite his Wikipedia page to show that any edits were made or that it even exists. Plaintiff alleged that "Defendant Donald J. Trump, through [MAGA Inc.], paid Defendant Chetsford to create a Wikipedia page for Plaintiff for the sole purpose of defaming Plaintiff and damaging his reputation." *Id.* He continued, "[a]ll Defendants jointly assisted in this effort by providing false information and fabricated documentation." *Id.* at ¶ 14. These are the only allegations that involve MAGA Inc., and yet they provide *zero* detail on how MAGA Inc. was involved in this alleged conspiracy.

The United States Magistrate Judge has properly recommended that this case be dismissed for lack of jurisdiction and that Mr. Castro be labelled a vexatious litigant. *See* Dkt. No. 47 at 10–12. Accordingly, Defendant Make America Great

Again, Inc. respectfully requests that this Court levy sanctions on Plaintiff as this suit wasted the time and resources of both the Court and MAGA Inc. Additionally, MAGA Inc. provided Mr. Castro with a Rule 11 Letter, attached as Exhibit A, on February 12, 2024. Mr. Castro did not take any corrective action, prompting this motion.

## ARGUMENT

### I.   Plaintiff should have been on notice of the lack of jurisdiction against MAGA Inc. in this Court.

Mr. Castro contends that he "learned a hard legal lesson" about personal jurisdiction and venue due to the cases he brought before this Court that were either dismissed or transferred for lack of personal jurisdiction or venue. *See* Dkt. No. 49 at 5. Yet, he has again failed to properly allege either in this case.

Those earlier cases, which Plaintiff admits lacked proper personal jurisdiction and/or venue, should have put Plaintiff on notice of these issues. Yet, Plaintiff did not learn the lesson he claims to have learned. As thoroughly explained in MAGA Inc.'s Motion to Dismiss, as well as in the Magistrate Judge's findings and recommendation, Mr. Castro brought this lawsuit without any factual support for the personal jurisdiction of this Court over MAGA Inc. *See* Dkt. Nos. 44.1, 47.

Despite this notice, Plaintiff has refused to withdraw the litigation and end this frivolous suit. Indeed, the federal rules require "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R.

Civ. P. 11(b)(2). Plaintiff was well aware that bringing his claims in Texas was not warranted by existing law, nor did he make any nonfrivolous arguments to extend, modify, or reverse the existing law.

## II.   There is no factual support for Plaintiff's claims regarding MAGA Inc. and the suit was brought for an improper purpose.

Plaintiff's TAC contains allegations presented with no factual basis accusing MAGA Inc. of an alleged scheme to defame him. The TAC contains conclusory allegations relating to MAGA Inc., with *zero* support or explanation of how it was involved in this grand defamation conspiracy. TAC ¶¶ 12, 14. These types of unsupported factual assertions are grounds for Rule 11 sanctions.

Rule 11 sanctions are permissible if "the allegations and other factual contentions lack evidentiary support or are unlikely to do so after a reasonable opportunity for investigation." *Bynum v. American Airlines, Inc.*, 166 Fed. App'x 730, 732–33 (5th Cir. 2006) (citing Fed. R. Civ. P. 11(b)(3)). This Court recently explained that when Defendants believe the Plaintiff's pleadings include false claims, the appropriate remedy is pursuing sanctions under Rule 11. *Thomas v. Cook Children's Health Care System*, 2023 WL 2795853 1, 3 (N.D. Tx. 2023). Thus, this Court has discretion to levy sanctions under Rule 11 based on an inquiry into the severity of the Plaintiff's acts. *See Thomas v. Capital Security Services, Inc.*, 836 F.2d 866 (5th Cir. 1988) (en banc). Rule 11's duties are affirmative and measured by an objective standard of reasonableness. *Id.* at 873–74. Once a violation of the Rule is found by the Court, Rule 11 requires the levying of sanctions. *Id.* at 876.

5

As stated in MAGA Inc's Motion to Dismiss, Plaintiff's TAC only amounts to "mere legal conclusions and naked factual assertions." Dkt No. 44.1 at 11. Specifically, Plaintiff claimed former President Trump, through MAGA Inc., paid Defendant Chetsford to create a Wikipedia page about the Plaintiff in order to defame him. TAC ¶ 12. This is the only specific allegation levied at MAGA Inc., but the Plaintiff does not elaborate or offer any factual support for this legal conclusion. Plaintiff later half-heartedly claims that all the Defendants jointly assisted in the alleged effort by providing false information, which is also a naked factual assertion with no factual basis. TAC ¶ 14. This is completely insufficient to conclude that the allegations have factual basis or could develop one with a further inquiry.

The Fifth Circuit has upheld sanctions for factually frivolous pleadings. In *Skidmore Energy, Inc. v. KPMG*, the district court sanctioned the Plaintiffs for "[a] puzzling lack of legal *or factual* support articulated for the pleadings." 455 F.3d 564, 568 (5th Cir. 2006) (emphasis in original). The Fifth Circuit emphasized the district court's finding that "[t]he bulk of Plaintiff[s'] causes of action . . . are without evidentiary support and thus appear to have been 'instigated as a gamble that something might come of it rather than on the basis of the facts at hand.'" *Id.* (citations omitted in original). There was no abuse of discretion in awarding sanctions because "reasonable factual and legal inquiries would have prevented this suit from being filed." *Id.*

Here, the actual allegations contained "[a] puzzling lack of legal *or factual* support articulated for the pleadings." TAC ¶¶ 12, 14; *Skidmore Energy*, 455 F.3d at

6

568. The entire TAC lacks factual foundation. Plaintiff asserts "[t]he fact that the complaint was verified also satisfies the competent evidence requirement." Dkt. No. 45 at 5. He then implies the TAC is evidence because he filed this complaint under the criminal penalty of perjury. *Id.* This is a complete misunderstanding of the law.

There is no safe harbor from Rule 11 or pleading rules simply because a Plaintiff has verified it is true himself. Sanctions have been imposed despite the signing and filing of verified complaints. *See generally Methode Electronics, Inc. v. Adam Technologies, Inc.*, 371 F.3d 923 (7th Cir. 2004) (finding that verified complaint was false and thus sanctions were warranted); *Johnson v. 27th Avenue Caraf, Inc.*, 9 F.4th 1300, 1315 n.5 (11th Cir. 2021) (sanctions imposed for bad faith in part because the signing of the verified complaint "sen[t] a message to the district court that this document is to be taken seriously.").

Plaintiff's lack of observance of Rule 11's reasonableness standard is also prevalent in the erroneous and arbitrary addition of MAGA Inc. to this case. After three previous versions of the Complaint, MAGA Inc. surfaced as a new defendant, without any tangible connection to the alleged scheme.

In addition to barring suits that are brought without evidentiary support, Rule 11 also bars suits that are "presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1). The arbitrary inclusion of MAGA Inc. in the TAC was presented for an improper purpose, specifically to harass MAGA Inc., and through it, President

Trump. Plaintiff is a serial litigant and political opponent who has filed numerous[1] lawsuits against President Trump attempting to disqualify him from seeking the Republican nomination. Several of these cases have been dismissed for lack of standing and otherwise improper motives. *See Castro v. Sec. of State Francisco Aguilar*, 2024 WL 81388, at 1 (D. Nev. 2024) (holding that Castro manufactured standing by running for President solely to file this lawsuit); *Castro v. Fontes*, 2023 WL 8436435, at 1 (D. Ariz. 2023); *Castro v. Sec. of State Gregg Amore*, C.A. No. 23-405 JJM, 2023 WL 8191835, at 1 (D.R.I. 2023); *Castro v. New Hampshire Sec. of State*, Civil No. 23-cv-416-JL, 2023 WL 7110390, at 6 (D.N.H. 2023), aff'd, *Castro v. Scanlan*, No. 23-1902, 2023 WL 8078010 (1st Cir. 2023); *Castro v. Trump*, Case No. 23-80015-CIV-CANNON, 2023 WL 7093129, at 1 (S.D. Fla. 2023); *Castro v. FEC*, Civil Action No.: 22-2176 (RC), 2022 WL 17976630, at 3 (D.D.C. 2022).

Plaintiff has established a pattern of filing lawsuits to attack President Trump and does much the same here. He practically says as much in his opposition to the Motion to Dismiss, claiming he has voluntarily subjected himself to potential perjury charges because "someone has to have the courage to stop malicious people like Defendant Donald John Trump." Dkt. No. 45 at 5. This lawsuit was not filed with any proper purpose and was meant to further harass and tie up Defendants in litigation.

---

[1] According to the United States District Court for the District of Arizona, John Anthony Castro has filed at least 27 lawsuits across the country attempting to prevent President Donald J. Trump from appearing on ballots in this year's primary elections. *Castro v. Fontes*, 2023 WL 8436435, at *1 (D. Ariz. Dec. 5, 2023).

### III.    The protections afforded to *pro se* litigants do not apply.

Plaintiff's status as a *pro se* litigant should have no bearing here. Plaintiff claims to be a practicing lawyer who holds two law degrees and runs an international tax firm. *Id.* He describes himself as being able to practice federal tax law while conceding he is not admitted to any state's bar. *Id.* Plaintiff cannot be treated as a normal *pro se* litigant because he is both a "sophisticated *pro se* litigant" and holds himself out to be an attorney based on his various law degrees. He even has experience with the legal issues surrounding lack of personal jurisdiction, as he admitted in filings before this Court. *See* Dkt. No. 49 at 5. Plaintiff should not be allowed to hold himself out to the public as a lawyer but hide behind his status as a *pro se* litigant when it suits him. Dkt No. 44.1 at 1–2 n.1.

Even for ordinary *pro se* litigants, the Fifth Circuit made it clear that "one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). It is also well-established that "the calculus changes where a plaintiff is 'a sophisticated *pro se* litigant'" and when the Plaintiff is an attorney. *See, e.g., Weng v. Perez*, No. 15-CV-504-ZMF, 2023 WL 2663030, at *3 (D.D.C. Mar. 28, 2023) (quoting *Garlington v. D.C. Water & Sewer Auth.*, 303 F.R.D. 417, 419 (D.D.C. 2014)).

Under these standards, regardless of how Plaintiff is characterized, his status as a *pro se* litigant should not shield him. Plaintiff's conduct harassing Defendants and bringing a meritless claim, as explained in the previous section and illustrated

9

by his litigation history against Defendants, is sanctionable for any *pro se*, especially one like Plaintiff.

In any event, Plaintiff also has a history of aggressively targeting President Trump in a frivolous manner all across the country. That alone is enough to show that this case was brought for improper purposes. Beyond that, Plaintiff's cases in front of this Court have been repeatedly dismissed or otherwise found to have been improperly brought before the court. *See, e.g., Castro v. Campbell,* Case No. 3:18-cv-00467-B (N.D. Tex. Apr. 13,2018) ECF No. 10 (order *sua sponte* transferring defamation claim to the Eastern District of Michigan); *Castro v. Berg*, Case No. 3:18-cv-0573-N (N.D. Tex. Mar. 5,2019) ECF No. 22 (dismissing defamation claims against three defendants for lack of personal jurisdiction); *Castro v. Gudorf*, Case No. 3:18-CV-0575-K (N.D. Tex. Mar. 20, 2018) ECF No. 4 (order *sua sponte* transferring defamation claim to Southern District of Ohio); *Castro v. Georgetown University*, Case No. 3:18-cv-00645-M (N.D. Tex. Aug. 14, 2018) ECF No. 19 (dismissing tort claims for lack of personal jurisdiction); *Castro v. City of Grand Prairie*, Case No. 3:21-cv-885-L-BN (N.D. Tex. Oct. 7, 2021) ECF No. 15 (order accepting Magistrate Judge's recommendation that case should be dismissed for failure to timely serve, failure to prosecute case, and failure to comply with Magistrate Judge's order). Plaintiff's pattern is undeniable. He is a serial litigant who is experienced in the law, with a habit of filing cases that are improperly brought or dismissed quickly. This Court's imposition of sanctions would deter Plaintiff from continuing this conduct.

## IV.   Plaintiff's accusation against undersigned counsel and the Court is sanctionable.

In Mr. Castro's opposition to the Motion to Dismiss, he levied several improper accusations against both undersigned counsel and the Court. Mr. Castro brazenly asserted that undersigned counsel should be subject to sanctions for lying and engaging in deception in its Motion to Dismiss. Dkt. No. 45 at 2. Mr. Castro had no basis to make such inflammatory accusations, as recognized by the Magistrate Judge. Dkt. No. 49 at 18. Further, in his opposition, Mr. Castro impugns the integrity of this Court, claiming that it would not enforce ethical rules against MAGA Inc., causing "the delusion Americans have with the federal judiciary." Dkt. No. 45 at 2.

These wanton attacks on the integrity of undersigned counsel and the Court are unacceptable. Indeed, the Fifth Circuit explicitly held, "[a]busive language toward opposing counsel has no place in documents filed with our courts; the filing of a document containing such language is one form of harassment prohibited by Rule 11." *Coats v. Pierre*, 890 F.2d 728, 734 (5th Cir. 1989). And as the Eastern District of Louisiana found, disparaging remarks about counsel and attacking the integrity of the court is sanctionable conduct. *Johnson v. Tuff N Rumble Mgmt., Inc.*, 2000 WL 622612, at *8 (E.D. La. May 15, 2000). Here, MAGA Inc. respectfully requests that this Court do the same and sanction Mr. Castro for his baseless accusations.

## CONCLUSION

For the reasons stated above, Defendant MAGA Inc. respectfully requests that this Court levy sanctions on the Plaintiff and grant such further relief that this Court

deems just and proper. MAGA Inc. seeks to recover reasonable attorney's fees and other expenses resulting from this improper litigation.


Dated: March 20, 2024                              Respectfully submitted,

                                                   /s/ *Jason C. Greaves*
                                                   Jason C. Greaves
                                                   TX Bar No. 24124953
                                                   Molly McCann
                                                   VA Bar No. 94222
                                                   BINNALL LAW GROUP, PLLC
                                                   717 King Street, Suite 200
                                                   Alexandria, Virginia 22314
                                                   Phone: (703) 888-1943
                                                   Fax: (703) 888-1930
                                                   jason@binnall.com
                                                   molly@binnall.com

                                                   *Attorneys for Defendant*
                                                   *Make America Great Again Inc.*

## CERTIFICATE OF SERVICE

I certify that on March 20, 2024, a copy of the foregoing was filed with the Clerk of the Court using the Court's CM/ECF system, which will send a copy to all counsel of record.

/s/Jason C. Greaves
Jason C. Greaves
TX Bar No. 24124953

*Attorney for Defendant*
*Make America Great Again Inc.*

13