IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| J.A. CASTRO,                    )<br>          Plaintiff,          )<br>                                 )<br>v.                               )<br>                                 )<br>JOHN DOE 1 (*a.k.a.* "CHETSFORD"), JOHN  )<br>DOE 2, SAVE AMERICA PAC, MAKE    )<br>AMERICA GREAT AGAIN INC., PATRIOT )<br>LEGAL DEFENSE FUND, and DONALD J. )<br>TRUMP                            )<br>                                 )<br>          Defendants.         ) | Case No. 4:23-cv-613-P<br><br>Jury Trial Demanded |

**OBJECTION TO UNSERVED MOTION FOR SANCTIONS**

Plaintiff, J.A. CASTRO, *pro se*, files this Objection to Defendant Make America Great Again, Inc.'s Motion for Sanctions on the grounds that there has not been proper service pursuant to Fed. R. Civ. P. 5. In support therefore, Plaintiff respectfully states:

1.   Defendant Make America Great Again, Inc. alleges that a copy of a motion for sanctions and corresponding letter was allegedly sent to J.Castro@JohnCastro.com. On that basis, Defendant Make America Great Again, Inc. now motions for sanctions.

**APPLICABLE LAW**

2.   Fed. R. Civ. P. 11(c)(2) requires that a motion for sanctions "must be served under Rule 5."

3.   Fed. R. Civ. P. 5(b)(2)(E) states that a paper "is served under this rule by… sending it by… electronic means *that the person consented to in writing*."

4.   The U.S. Court of Appeals for the Eleventh Circuit has explained that "Rule 5(b)(2)(E) allows service by other electronic means that the person consented to in writing. An advisory committee note to that rule states that the written consent must be express, and it cannot

be implied from conduct."[1]

5. The U.S. Supreme Court has explained that "[a]lthough the Advisory Committee's comments do not foreclose judicial consideration of the Rule's… meaning, the construction given by the Committee is 'of weight.'"[2]  This Court too has previously held that the Advisory Committee's comments should "lend weight to" the final conclusion.[3]  Moreover, this Court has held that the Advisory Committee comments are considered a "persuasive authority."[4]

6. Most importantly, this Court has previously, expressly held that "[c]onsent to electronic service… must be expressly given, in writing, and it *cannot be implied*."[5]

7. The U.S. Court of Appeals for the Second Circuit recently elaborated that the consent must be in writing referencing the current litigation; holding that a writing relating to a prior arbitration over the same matter will not suffice.[6]

## FACTS OF THE SITUATION

8. Plaintiff *never* consented to service by electronic means to the electronic email address of J.Castro@JohnCastro.com.

9. Plaintiff has *never* communicated with Defendant Make America Great Again, Inc. from the electronic email address of J.Castro@JohnCastro.com.

10. Plaintiff's PACER account is *not* registered to the electronic email address of J.Castro@JohnCastro.com.

11. Nevertheless, Defendant Make America Great Again, Inc. insists that unconsented to service to an email address that Plaintiff has never utilized to communicate with Defendant Make America Great Again, Inc. is somehow valid under Fed. R. Civ. P. 5.

---

[1] *O'Neal Constructors, LLC v. DRT Am., LLC*, 991 F.3d 1376, 1379–80 (11th Cir. 2021) (internal quotes removed).
[2] *Schiavone v. Fortune*, 477 U.S. 21, 31 (1986).
[3] *Matter of Eichelberger*, 943 F.2d 536, 538 (5th Cir. 1991).
[4] *Mir v. L-3 Commc'ns Integrated Sys., L.P.*, 319 F.R.D. 220, 229 (N.D. Tex. 2016).
[5] *Moore v. Valero Ardmore Refinery*, No. 3:14-MC-00103-M, 2015 WL 129985, at *2 (N.D. Tex. Jan. 9, 2015).
[6] *See Dalla-Longa v. Magnetar Cap. LLC*, 33 F.4th 693, 697 (2d Cir. 2022).

12. Ironically, it is Defendant Make America Great Again, Inc.'s motion that is baseless and subject to sanctions.

## CONCLUSION

13. Because Defendant Make America Great Again, Inc. has not complied with service requirements of Fed. R. Civ. P. 5(b) in order to make its motion for sanctions pursuant to Fed. R. Civ. P. 11 valid, this Court should not consider the motion.

## RELIEF REQUESTED

Accordingly, Plaintiff moves this Court to disregard Defendant Make America Great Again, Inc.'s motion for sanctions. Any consideration of the motion at this time would be a reversible error of law as it is not compliant with well-established rules.

Dated: March 20, 2024.                     Respectfully submitted,

                                           By: /s/ *John Anthony Castro*
                                           John Anthony Castro
                                           12 Park Place
                                           Mansfield, TX  76063
                                           (202) 594 – 4344
                                           J.Castro@JohnCastro.com
                                           **Plaintiff** *Pro Se*

## CERTIFICATE OF SERVICE

On March 20, 2024, I submitted the foregoing document with the Court via the CM/ECF system. It is further certified that all other parties are registered CM/ECF users and will be served via that system.

                                           */s/ John Anthony Castro*
                                           John Anthony Castro