UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**JOHN ANTHONY CASTRO,**

   Plaintiff,

v.                                         No. 4:23-cv-00613-P

**JOHN DOE 1, ET AL.,**

   Defendants.

## MEMORANDUM OPINION AND ORDER

The United States Magistrate Judge issued Findings, Conclusions, and Recommendations ("FCR"), recommending the following: (1) this Court grant Defendant MAGA Inc.'s Motion to Dismiss (ECF No. 44); (2) dismiss the claims against John Doe 1 and President Donald J. Trump for failure to effectuate service and for lack of personal jurisdiction; (3) dismiss the claims against MAGA PAC, Donald Trump for President, Inc., and Trump Joint Committee for lack of personal jurisdiction; (4) declare plaintiff John Anthony Castro a vexatious litigant; and (5) require Castro to seek leave of court by motion before he is permitted to file any additional complaints in this district. ECF No. 47. After reviewing the FCR *de novo*, the Court **GRANTS** the Motion to Dismiss, **ADOPTS** the reasoning in the Magistrate Judge's FCR, and **OVERRULES** Plaintiff's Objections (ECF No. 49).

## BACKGROUND

John Anthony Castro filed this lawsuit on June 16, 2023, alleging that former President Donald Trump, among others, conspired to publish defamatory, verifiably false statements about him on his Wikipedia page. These supposedly false statements include the notion that Castro is a "sleazy tax attorney," did not serve in the military, and is under federal indictment. Castro believes Trump is targeting him as retaliation for the over thirty federal lawsuits Castro has lodged against Trump concerning Trump's actions on January 6, 2021.

## LEGAL STANDARD

A Magistrate Judge's FCR regarding a dispositive matter is reviewed *de novo* if a party timely objects. FED. R. CIV. P. 72(b)(3). The district court may then accept, reject, or modify the recommendations or findings, in whole or in part. *Id.*

## ANALYSIS

### A. The Magistrate Judge's Recommendation

The Court accepts and adopts the reasoning in the Magistrate Judge's FCR. The Court now reviews Castro's objections.

### B. Plaintiff's Objections

Castro objects to each of the Magistrate Judge's main findings: that he be declared a vexatious litigant, that the Court lacks personal jurisdiction over the timely served defendants, and that Castro failed to timely serve the remaining defendants. The Court addresses each objection in turn.

1. John Anthony Castro is a vexatious litigant.

Courts possess the inherent power "to protect the efficient and orderly administration of justice and . . . to command respect for the court's orders, judgments, procedures, and authority." *Obama v. United States*, No. 3:09-CV-226-K, 2010 WL 668847, at *2 (N.D. Tex. Feb. 24, 2010) (Kinkeade, J.) (quoting *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993)). Included in this inherent power is the "power to levy sanctions in response to abusive litigation practices." *Id.* Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *Id.* (citing FED. R. CIV. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195–97 (5th Cir. 1993)). *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Hous., N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). Courts in the Fifth Circuit have adopted the Tenth Circuit's advisory that "injunctions restricting further filings are appropriate where the litigant's lengthy and abusive

history is set forth," and that it is proper for the court to "provide[] guidelines as to what the litigant may do to obtain its permission to file and action," provided that the "litigant received notice and an opportunity to oppose the court's order before it was implemented." *Flores v. U.S. Att'y Gen.*, No. 1:14-CV-198 2015 WL 1088782, at *4 (E.D. Tex. Mar. 4, 2015) (citing *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007) (internal citation omitted)).

Castro's June 2023 original complaint represented the tenth case he has filed in this District in the last five years, six of which have been filed since April 2021. And that says nothing of his dozens of other cases filed across the country in the last few years.

| Case Number | Style | Date Filed | Date Closed |
|---|---|---|---|
| 3:18-CV-467-B | *Castro v. Campbell.* | 02/26/2018 | 04/13/2018 |
| 3:18-CV-573-N | *Castro v. Berg, et al.* | 03/12/2018 | 03/05/2019 |
| 3:18-CV-575-K | *Castro v. Gudorf, et al.* | 03/12/2018 | 03/20/2018 |
| 3:18-CV-645-M | *Castro v. Georgetown University, et al.* | 03/19/2018 | 08/14/2018 |
| 3:21-CV-885-L | *Castro v. The City of Grand Prairie, et al.* | 04/16/2021 | 10/07/21 |
| 4:22-cv-16-O | *Castro v. United States of America* | 01/07/22 | 06/06/23 |
| 4:22-cv-810-P | *Castro, et al. v. Internal Revenue Service* | 09/13/22 | 10/11/22 |
| 4:23-cv-556-Y | *Castro v. Trump, et al.* | 06/05/23 | 3/19/2024 |
| 4:23-cv-613-P | *Castro v. John Doe 1, et al.* | 06/16/23 | *Pending* |
| 4:23-cv-976-Y | *Castro v. Sanders, et al.* | 09/25/23 | 1/29/2024 |

In his Objections, Castro explains, case by case, how each is meritorious and does not support a finding that he is clogging the

3

judicial machinery with meritless litigation. *See* ECF No. 49 at 1–19. Of note, roughly half of the cases listed above have suffered problems related to the same issue: jurisdiction, even to Castro's own admission. *See id.* at 3–6. Even as recently as March 19, 2024, Judge Terry Means, also of the Fort Worth Division, made yet another finding that Mr. Castro brought a lawsuit that lacked personal jurisdiction. *See Castro v. Trump, et al.* 4:23-cv-556-Y. The Magistrate Judge's FCR rightly recommends the same finding here.

The Court notices a pattern. Mr. Castro seems to pay no attention or care to where he files his lawsuits. Either he actively chooses to sue where he knows the Court lacks personal jurisdiction, or he fails to understand how jurisdiction and venue work, despite many orders informing him of the standard and explaining why he continuously falls short. Given that Mr. Castro has a law degree, the Court would have hoped he learned how personal jurisdiction worked during his first-year coursework. Mr. Castro claims that he has "learned a hard legal lesson" about personal jurisdiction due to his many cases suffering the same fate, but it is not the Court's job to continue Mr. Castro's legal education here. ECF No. 49 at 5. Federal courts, particularly in the Fort Worth Division, are far too busy with meritorious lawsuits to entertain litigants "learning" how jurisdiction works through a repeat trial-and-error process.

By declaring Mr. Castro, a vexatious litigant and requiring him to obtain leave of court before filing suit in this district, the Court can help ensure Mr. Castro is filing his lawsuits in the right place, thus preventing continued overload of the Court's docket at his hands. Further, a review of Mr. Castro's other endeavors in federal court indicates Castro has been cautioned elsewhere regarding his inappropriate behavior. *See, e.g., Castro v. Oliver*, No. 1:23-cv-00766-MLG-GJF, slip op., at 3 (D.N.M. Oct. 18, 2023) ("Having put this legal matter to rest, the Court concludes by noting that Castro's filing employs a tenor unfamiliar to this Judge and one that is out of step with practice in this district. The Court cautions Castro and requests that any future filings comport with decorum and the respect practitioners typically afford federal judges."); *Castro v. Warner,* No. 2:23-cv-00598, 2023 WL

4

7171462 at *6, *7 (S.D.W. Va. Oct. 31, 2023) (observing that Castro's filings "contain numerous examples of clearly inappropriate attacks" and noting that "derisive commentary is of little value to the Court in resolving motions"). The Court notes similar behavior in this case. *See* ECF No. 45 at 2 (accusing opposing counsel of lying to the Court and engaging in deception as well as accusing the Court of not enforcing ethical rules).

Considering Mr. Castro's history of brazen, jurisdictionally improper lawsuits, his accusations and *ad hominem* attacks toward opposing counsel, and the Court's burden of having to continually reeducate him regarding the basics of venue and jurisdiction, the Court determines an adequate sanction for Mr. Castro is to have him declared a vexatious litigant and for him to obtain leave of court before filing any additional complaints in this district. Accordingly, the Court **ADOPTS** the Magistrate Judge's recommendation and **OVERULES** Mr. Castro's objection.

2. <u>The Court lacks personal jurisdiction over MAGA Inc. or the remaining defendants.</u>

Despite the FCR's lengthy discussion of this case's venue and jurisdictional defects (ECF No. 47 at 4–10), Mr. Castro spends a little over two pages of his twenty-three-page Objection acknowledging and responding to these findings. *See* ECF No. 49 at 19–21. Castro objects generally to the finding that there is no personal jurisdiction over any of the Defendants in this case. *Id.* at 19. The Court addresses his objection below.

"Where a defendant challenges personal jurisdiction, the party seeking to invoke the power of the court bears the burden of proving that jurisdiction exists." *Luv N' Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006). This Court must have personal jurisdiction over MAGA Inc. to adjudicate any claims against it. To establish personal jurisdiction, Castro bears the burden of showing that this Court has either general or specific jurisdiction over MAGA Inc. *See, e.g., Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 418 (1984). To establish general jurisdiction over MAGA Inc., Castro must show that it is incorporated in Texas, headquartered in Texas, or has

5

some other equivalent presence in Texas. *BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 403–04 (2017). To establish specific jurisdiction, Castro must show that: (1) MAGA Inc. purposefully directed its activities at residents in Texas; (2) the litigation results from alleged injuries that arise from or relate to the MAGA Inc.'s activities in Texas; and (3) the exercise of jurisdiction will comport with "fair play or substantial justice." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472–474 (1985) (citing *International Shoe Co. v. Washington,* 326 U.S. 310, 320 (1945)).

Castro has failed to establish that this Court has general jurisdiction over MAGA Inc. Castro's Third Amended Complaint admits that MAGA Inc. is "headquartered in Virginia" and "is not a resident of the [S]tate of Texas." ECF No. 36 at 5. Because Castro concedes that MAGA Inc. is not headquartered or incorporated in Texas, and he makes no allegations that would show "some other equivalent presence" in Texas, he has failed to establish that this Court has general jurisdiction over MAGA Inc. Thus, the issue before the Court is whether Castro has established that this Court has specific jurisdiction over MAGA Inc.

Castro does not allege that MAGA Inc. purposefully directed its activities at residents in Texas, that the litigation arises out of activities occurring in Texas, or that the exercise of jurisdiction will comport with "fair play or substantial justice." As is the case here, the Fifth Circuit has held that when a defendant's online activity "is the claimed basis for specific jurisdiction vis-à-vis an intentional tort[,] [courts] first look to the website's interactivity" to determine whether personal jurisdiction may exist. *See, e.g., Johnson v. TheHuffingtonPost.com, Inc.*, 21 F.4th 314, 318 (5th Cir. 2021), *cert. denied*, 143 S. Ct. 485 (2022) (citing *Revell v. Lidov*, 317 F.3d 467, 470 (5th Cir. 2002)). "If the site is passive—it just posts information that people can see—jurisdiction is unavailable, full stop." *Id.* "But if the site interacts with its visitors, sending and receiving information from them, we must then apply our usual tests to determine whether the virtual contacts that give rise to the plaintiff's suit arise from the defendant's purposeful targeting of the forum state." *Id.* The Court need not decide whether Wikipedia is a passive or interactive website, as Castro has failed to establish specific jurisdiction even under the more favorable interactive website standard.

6

For interactive websites, Fifth Circuit precedent requires plaintiffs to show the forum is a "'focal point of the story.'" *Clemens v. McNamee*, 615 F.3d 374, 379 (5th Cir. 2010) (quoting *Calder v. Jones*, 465 U.S. 783, 789 (1984)). For example, in *Revell v. Lidov*, the Fifth Circuit held that the Court lacked personal jurisdiction when a Texas litigant complained of an allegedly defamatory article on a Columbia University discussion board because "the article never mentioned Texas, never discussed [the plaintiff's] activities there, and was not aimed at Texans more than at residents of other states." *TheHuffingtonPost.com, Inc.*, 21 F.4th at 318 (citing *Revell,* 317 F.3d at 469).

Here, Castro claims that MAGA Inc. participated in a scheme to edit his Wikipedia page to publish "verifiably false" and defamatory statements. ECF No. 36 at 6. Specifically, Castro alleges that Defendants published the following defamatory statements: (1) Castro "was under federal indictment"; (2) Castro is a "sleazy" tax attorney; and (3) Castro never served in the United States military. *Id.* Besides the fact that Castro resides in Texas—which alone is insufficient—Castro does not plead that Defendants took any actions in Texas, that the defamatory statements made Texas the "focal point of the story," or that the actions were aimed at Texans more than residents of other states. Therefore, Castro has failed to establish that this Court has specific jurisdiction over MAGA Inc. Because Castro has failed to establish general or specific jurisdiction, he has failed to establish that this Court has personal jurisdiction over MAGA Inc. Accordingly, his claims against MAGA Inc. must be **DISMISSED.** The Court therefore **ADOPTS** the Magistrate Judge's finding and **OVERRULES** Mr. Castro's objections.

Further, given MAGA Inc. is being dismissed from the action, the only remaining, served Defendants are: (1) Donald J. Trump for President, Inc.; (2) MAGA PAC; and (3) Trump Joint Committee. *See* ECF No. 36. Castro alleges one cause of action in his Third Amended Complaint: "Defamation Per Se." *Id.* at 8–9. Because, as discussed above, Castro's defamation allegations are insufficient to establish specific jurisdiction, the Court must determine whether Castro has established general jurisdiction over the remaining Defendants.

Castro's Third Amended Complaint admits that both MAGA PAC and Trump Joint Committee are "headquartered in Virginia" and are "not resident[s] of the [S]tate of Texas." ECF No. 36 at 5. Donald Trump for President, Inc. also appears to be headquartered in Virginia.[1] Because none of the remaining Defendants are headquartered or incorporated in Texas, and Castro does not allege that they maintain "some other equivalent presence" in Texas, the Court finds that Castro fails to establish general jurisdiction vis-à-vis those defendants. Therefore, because Castro has failed to establish general or specific jurisdiction for MAGA PAC, Donald Trump for President, Inc., and Trump Joint Committee, the Court lacks personal jurisdiction over them. Accordingly, the Court **ADOPTS** the Magistrate Judge's findings, **OVERRULES** Mr. Castro's objection, and **DISMISSES** Castro's claims against those Defendants.

3. <u>Castro has failed to timely serve the remaining Defendants.</u>

Mr. Castro generally objects to the Magistrate Judge's finding that he has failed to timely serve the remaining Defendants. Instead, Mr. Castro once again asks the Court to extend his deadline to effectuate service. That request for extension is **DENIED**. The Court already granted Mr. Castro a significant extension of time—an additional ninety days—to effectuate service. ECF No. 22. But the December 13, 2023, deadline has long passed, and Castro has failed to show that proper service has been made for Defendants John Doe 1 a.k.a. "Chetsford" and President Donald J. Trump. Mr. Castro's explanation that service "is easier said than done" does not cut it. ECF No. 49 at 21. Accordingly, the Court **ADOPTS** the Magistrate Judge's recommendation, **OVERRULES** Mr. Castro's objection, and **DISMISSES** Castro's claims against John Doe 1 a.k.a "Chetsford" and President Donald J. Trump.

---

[1] While Castro fails to state the citizenship of Defendant Donald Trump for President, Inc., the Court notes that the entity appears to be headquartered in Virginia. *See* Federal Election Commission Statement of Organization, *Donald Trump for President, Inc.*, 202312119599436945.pdf (fec.gov).

8

### C. Motions for Sanctions

Mr. Castro, John Doe 1, and MAGA Inc. have all moved for sanctions in this case. *See* ECF Nos. 55, 58, 60. After a review of the case law and the docket, all three sanctions motions are **DENIED**.

"Rule 11 does not require a court to sanction a party or an attorney for conduct violating its requirements. However, it does allow a court latitude to 'impose appropriate sanctions.'" *Annamalai v. Moon Credit Corp.*, No. H-16-1277, 2017 WL 5646925, at *2 (S.D. Tex. Apr. 21, 2017) (quoting FED. R. CIV. P. 11(c)) (additional citations omitted). "The purpose of rule is to deter baseless filings in district court . . . and . . . to spare innocent parties and overburdened courts from the filing of frivolous lawsuits." *Ellis v. Clarksdale Pub. Utils.*, No. 4:20-cv-00032-DMB-JMV, 2021 WL 4317670, at *1 (N.D. Miss. Sept. 22, 2021). "[O]nce a court finds that counsel or an unrepresented party has violated Rule 11, it has discretion to impose an appropriate sanction." *Jabary v. McCullough*, 325 F.R.D. 175, 182–83 (E.D. Tex. 2018). Rule 11 "sanctions are normally reserved for rare and exceptional cases where the action is clearly frivolous, legally unreasonable, or without legal foundation or brought for an improper purpose. It is an extraordinary remedy, one to be exercised with extreme caution." *Ellis*, 2021 WL 4317670 at *2 (internal citations omitted). Rule 11 sanctions may be imposed where a *pro se* litigant has a history of filing multiple frivolous claims. *Mendoza v. Lynaugh*, 989 F.2d 191, 195–97 (5th Cir. 1993). However, a *pro se* litigant must first be warned before sanctions are imposed. *Id.*

1. Castro's Motion for Sanctions

Mr. Castro bases his Rule 11 motion on a theory that John Doe 1's motion is only intended to harass and delay the proceedings. *See* ECF No. 58 at 3. A review of the docket and briefing in this case does not suggest John Doe 1 is attempting to harass Mr. Castro or delay the proceedings. *See* ECF No. 56. For this reason, Mr. Castro's Motion for Sanctions is **DENIED**.

9

2. <u>John Doe 1 and MAGA Inc.'s Motions for Sanctions</u>

John Doe 1 and MAGA Inc.'s motions for sanctions are similarly denied. While both parties make compelling points as to why sanctions could be appropriate here given Mr. Castro's behavior, the Court is cautious in using further Rule 11 sanctions against a *pro se* litigant. Though Mr. Castro possesses a juris doctor, he is not—and to the Court's awareness, never has been—barred or authorized to practice law in a United States jurisdiction. His many lawsuits evince a clear struggle in understanding the basics of venue and jurisdiction, a struggle Mr. Castro readily admits. *See* ECF No. 49 at 5. Five years of warnings from numerous courts have apparently done little to improve Mr. Castro's understanding of these elementary legal topics. As a result, the Court feels a vexatious litigant finding will adequately remedy the problem and will assist Mr. Castro in his endeavor to comprehend the ins and outs of federal civil procedure. Thus, because monetary sanctions under Rule 11 are unnecessary, both John Doe 1 and MAGA Inc.'s Motions for Sanctions are **DENIED**.

## CONCLUSION

After reviewing the FCR *de novo*, the Court **ADOPTS** the reasoning in the Magistrate Judge's FCR (ECF No. 47) and **OVERRULES** Plaintiff's Objections (ECF No. 49). The Court further **DENIES** all Parties' Motions for Rule 11 Sanctions (ECF Nos. 55, 58, 60).

**SO ORDERED** on this **25th day of March 2024.**

_____
Mark T. Pittman
UNITED STATED DISTRICT JUDGE